ANDROSCOGGIN WATER POWER COMPANY
*vs.*
BETHEL STEAM MILL COMPANY.

*Debt—does not lie under R. S., c. 42, § 3, against a corporation.*

An action of debt under R. S., c. 42, § 3,—which imposes a penalty upon the taking of the logs of another, with intent to claim the same,—is not maintainable against a corporation.

ON EXCEPTIONS.

DEBT, under R. S., c. 42, § 3, brought July 24, 1874, to recover twice the value of the plaintiffs' logs alleged to have been taken by the defendants.

The defence requested the presiding justice among other things, to rule that this action would not lie against a corporation, but he held otherwise, telling the jury that the defendants had capacity to subject themselves to liability under this section of the statutes by reason of the misconduct of their servants and agents in taking

the plaintiffs' logs, and that a verdict should be rendered for double the value of such logs (if any,) as they should find belonging to the plaintiffs were taken by the defendants. The verdict was for $1750, and the defendants filed exceptions.

*A. A. Strout* and *E. M. Rand* for the defendants.

This penal statute must be strictly construed. 1 Bishop Cr. Law, §§ 224 and 225 ; *Abbott* v. *Wood*, 22 Maine, 541.

"Not every act of misfeasance is indictable in a corporation that would be in an individual. The act must come within the scope of corporate duty." 1 Bishop Cr. Law, § 505. It is not every act of its agents that will make a corporation liable. *Mitchell* v. *Rockland*, 41 Maine, 363 ; *Bangor Boom Co.* v. *Whiting*, 29 Maine, 123 ; *State* v. *Great Works & Co.*, 20 Maine, 41.

*C. W. Larrabee* for the plaintiffs.

The defendant corporation had the benefit of the logs taken, and they were sawed by its machinery, under the supervision of its agents, in the prosecution of the business for which it was incorporated.

Being within the mischief of the act, they are subject to its penalties, by reason of the acts of its agents in the line of the corporate business. *Goddard* v. *Grand Trunk Railway Co.*, 57 Maine, 212.

APPLETON, C. J. This is an action of debt, brought under R. S., c. 42, § 3.

The question for determination is, whether this action is maintainable against a corporation. Its solution must depend upon the ascertainment of legislative intention as derived from the language of § 3, and the two preceding sections.

By § 1, "If any person takes, carries away or otherwise converts to his own use, without the consent of the owner any log suitable to be sawed or cut into boards, clapboards, &c., or any mast or spar, the property of another, whether the owner thereof be known or unknown, lying and being in any river, pond, &c., within this

state, or cuts out, alters or destroys any mark made thereon, without the consent of the owner and with intent to claim the same, he shall forfeit for every such log, &c., twenty dollars, to be recovered on complaint before any justice of the peace of the county where the offence is committed: one-half to the use of the state, and the other to the use of the complainant."

By § 2, "Whoever fraudulently and wilfully takes and converts to his own use, either by himself or by another in his employment, any such log, &c., lying or being as aforesaid, for the purpose of being driven to a market or place of manufacture, shall be deemed guilty of larceny and punished accordingly."

It is obvious that the defendant corporation could not be indicted under this last section. The intent, with which the act prohibited is done, is individual, not corporate intent. Larceny cannot, by any existing law, be predicated of any corporate action of a corporation, nor is there any provision for its punishment for the crime, if it were one which it is capable of committing. It is manifest, therefore, that a corporation is not, and was not intended to be included within the word "whoever," but that the section applies only to personal criminality.

By § 3, under which this suit is brought, it is enacted as follows:—"In prosecutions under sections one and two, if such log, mast, &c., is found in the possession of the accused partly destroyed, partly sawed or manufactured, or with the marks cut out, or altered, not his property, it shall be presumptive evidence of his guilt, and the burden of proof shall then be on him and whoever is guilty of the offence described in either section shall also be liable to the owner in an action of debt, for double the value of the log, mast or spar so dealt with."

Now "whoever is guilty of the offence described in either section" is liable to this action of debt and to the payment of "double the value of the log, mast or spar so dealt with," not those who are not, and cannot be guilty of the offences so described. The "accused" in whose possession the property is found, must be one against whom the accusation of the crime of larceny could be

made. He must be one who could "be guilty of the offence described in either section," and could be punished for such guilt. Now a corporation could not be.

Further, section three applies to both of the preceding sections equally. If the second section is not within the meaning of section three, neither is the first section. The third section must be held to include one equally with the other. But § 2 cannot be within § 3, unless a corporation can be "deemed guilty of larceny" and be "punished accordingly."

The construction here given is in entire conformity with the language of the act which relates only to persons and personal offences. It is equally in accord with the decisions of the courts in analagous cases. In *Benson* v. *Monson & Brimfield Manufacturing Co.*, 9 Metc., 562, it was held that a corporation was not liable for the penalty imposed by statute on the owner, agent, or superintendent of a manufacturing corporation for employing children under the age of ten years, in laboring more than ten hours a day. "The provisions" observes Dewey, J., "of acts imposing penalties are not to be extended by construction beyond their obvious meaning and intent, as manifest upon the face of the statute. Corporations are not in terms included in the statute on which this action is brought." The construction of a somewhat similar statute came before the court in *Cumberland & Oxford Canal Co.* v. *Portland*, 56 Maine, 78, and it was there held, that malice and wilfulness could not be predicated of a corporation, though it might be of its members.

While undoubtedly "the word 'person' may include a body corporate," we do not think that it was the legislative intention that in the act under consideration, it should do so. The fair and natural construction to be given to the language used negatives any such idea.                    *Exceptions sustained.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.