STEWART v. THE WATERLOO TURN VEREIN.

1. **Corporations:** LIABILITY AS NATURAL PERSONS: SALE OF INTOXICATING LIQUORS. Corporations are to be considered as persons, when the circumstances in which they are placed are identical with those of natural persons expressly included in a statute, (*Wales v. City of Muscatine*, 4 Iowa, 302.) Accordingly, *held* that a corporation which, by a committee, sold beer to a person in the habit of becoming intoxicated, at a ball given under its supervision, was liable, under § 1539 of the Code, the same as a natural person, for the penalty thereby provided to be collected for the benefit of the school fund.

*Appeal from Black Hawk Circuit Court.*

THURSDAY, MARCH 10.

THE plaintiff, a citizen of Black Hawk county, seeks by this action to recover of the defendant, for the use of the school fund, the sum of $100 for unlawfully selling beer to one Heizer, who is a person in the habit of becoming intoxicated. The defendant alleges that it is a corporation, and not liable to prosecution for the act complained of. There was a trial by jury. The plaintiff offered and introduced

his evidence, whereupon the court, on motion of the defendant, instructed the jury to return a verdict for the defendant, which was accordingly done. From a judgment upon the verdict plaintiff appeals.

*C. W. Mullan*, for appellant.

*M. T. Owens* and *J. L. Husted*, for appellee.

ROTHROCK, J.—The cause involves less than $100, and the appeal comes to us upon a certificate of the trial judge, from which it appears that the defendant is a corporation organized under the provisions of chapter 2, tit. 9, of the Code, which provides for the organization of "corporations other than those for pecuniary profit." The objects of the corporation are declared in the articles of incorporation to be "the intellectual and physical improvement of the members, by forming and keeping up a library, by establishing a school for instruction in gymnastic exercises, under such laws, rules and regulations as are now and shall be hereafter prescribed by said Waterloo Turn Verein, not in conflict with the constitution and laws of the state of Iowa." Another provision of said articles of incorporation is as follows: "The said corporation may sue and be sued by and under its corporate name, and may purchase and hold both real and personal property, and sell and dispose of the same in and by its corporate name, and have and exercise all the powers and privileges which an individual person possesses and exercises, in the transaction of business, etc., under and by virtue of the laws of the state of Iowa." The business of the corporation is conducted by a speaker, a vice-speaker, treasurer, secretary, financial secretary, two teachers of gymnastics, librarian, and three trustees.

At a regular meeting of said corporation, held February 14, 1884, it was resolved "to have a masquerade ball," and five members of the corporation were appointed a committee to provide for and take charge of said entertainment. The

speaker of the corporation was one of this committee. The masquerade ball was held at Waterloo on the twenty-sixth day of February, 1884, at which ball two of said committee sold beer to a number of persons, and the sales were made with the knowledge of the speaker. The money received from the sale of the beer, with the other proceeds of the entertainment, was reported by the committee to the corporation at a subsequent meeting, and turned over to the treasurer of the corporation. No mention was made in the report of said committee, or otherwise, that any part of the proceeds so reported was derived from the sale of beer.

The questions certified as arising upon the foregoing facts are as follows: "(1) Whether the sale of beer by the members of said committee, at the entertainment aforesaid, to a person in the habit of becoming intoxicated, subjects the defendant to the penalty provided in section 1539 of the Code. (2) Is the defendant corporation a person within the meaning of said section 1539?"

Section 4326 of the Code contemplates that there are some offenses for which a corporation may be indicted and punished. It provides for process upon an indictment against a corporation, and it appears to be well settled that a corporation may be indicted and punished for a public nuisance, such as the obstruction of a public highway, a navigable stream, and the like. Wood, Nuis., 783. The case at bar is not a criminal action prosecuted by indictment. It is in form a civil action for a penalty, and jurisdiction of the defendant is obtained by the service of an original notice as in a civil action. The penalty is a judgment for money. It does not involve imprisonment. There is therefore no obstacle in the way of the prosecution of an action against a corporation, the same as against a natural person. It is provided by subdivision 12 of section 45 of the Code that "the word 'person' may be extended to bodies corporate." This is laid down as a rule to be observed in the construction of the statutes of this state. It is apparent, however,

that this rule cannot be of universal application, especially in the construction of criminal statutes, for the reason that there are some crimes for which a corporation cannot be punished. For example, if all the members of a corporation should be guilty of a criminal homicide in pursuance of a resolution of the corporation, the corporation would not be liable to indictment for the murder. The true rule is that corporations are to be considered as persons when the circumstances in which they are placed are identical with those of natural persons expressly included in a statute. *Wales v. City of Muscatine*, 4 Iowa, 302; *South Carolina R. Co. v. McDonald*, 5 Ga., 531.

Applying this rule to the case at bar, it is clear that a corporation is a person within the meaning of section 1539 of the Code. There is nothing therein which may not be applied as well to a corporation as to a natural person, and there is no more reason for claiming that a private corporation is not included within its provisions than there is in holding that such a corporation is a person within the meaning of the law authorizing attachment by garnishment, or any other provision of the statute equally applicable to natural and artificial persons.

It appears from the facts certified in this case that the corporation "ordered the ball." Its principal officer was one of the managing committee, and knew of the violation of the law; and the money arising from the sale of the beer was received by the corporation. Under these circumstances, the evidence as to the participation of the corporation in violating the law was abundant. It was not necessary to prove that the beer was ordered and sold by an order of the defendant made in its corporate capacity. When a railroad company is indicted for a nuisance in obstructing a public highway in this state, (a prosecution which is of frequent occurrence,) it has never been thought necessary to prove that the obstruction was placed in the highway in pursuance of some resolution of the board of directors of the corporation. The

corporation is liable for the acts of its agents and employes in such cases.

In regard to the liability of private corporations for violations of criminal laws, Mr. Morawetz, in his work on Private Corporations, employs this language, (volume 2, §§ 732, 733): "It follows, therefore, that a corporation cannot be charged criminally with a crime involving malice, or the intention of the offense. Even though the corporators themselves should unanimously join, with malice aforethought, in committing a crime as a corporate act, yet the malice would be that of the several members of the company, and not actually one malicious intention of the whole company. There, are, however, certain classes of crimes which do not depend upon the intention of the offender, and are not distinguishable from simple torts, except by the fact that in the one case an individual sues for damages on account of a private tort, and in the other case the state sues for a penalty on account of a public wrong. In these cases the crime consists of the act alone, without regard to the intention with which it was committed; and there is no difficulty in attributing an offense of this character to a corporation, since it may be committed entirely through the company's agents. Accordingly, it has been held that a corporation may be indicted for causing a public nuisance; for not performing a duty cast upon it by law, or for doing any act which is made indictable, without regard to the intention of the offender." The author cites many authorities in support of the text, and it appears to us that the principles therein laid down are so plainly correct as to command the approval of every legal mind.

Applying these principles to the case at bar, the conclusion is inevitable that the defendant is liable. The persons who sold the beer, and the officers and members of the corporation who stood by and acquiesced in the sales, were not actuated by malice. They doubtless believed that the beer gave zest to the ball, and added to the enjoyment of the enter-

tainment. They had "malice towards none, but charity for all," and thought it no crime to dispense to the festive throng that which they believed to be exhilarating but not intoxicating.

We think both of the questions certified should be answered in the affirmative.

REVERSED.