## FALK v. CURTIS PUB. CO.

### (Circuit Court, E. D. Pennsylvania. January 4, 1900.)

### No. 8.

1. COPYRIGHTS—PENALTIES FOR INFRINGEMENT—LIABILITY OF CORPORATION.
   The provisions of Rev. St. § 4965, which subjects "any person" to the forfeitures therein prescribed for having in his possession, etc., unauthorized copies of a copyrighted publication, apply as well to corporations as to natural persons; and the possession of such copies by agents of the corporation, acting in its behalf, is the possession of the corporation.

2. SAME—SUIT TO RECOVER FORFEITURES—SUFFICIENCY OF DECLARATION.
   The amount of the forfeiture recoverable for the infringement of a copyright under Rev. St. § 4965, is limited to one dollar for each copy of the infringing publication found in the possession of the defendant before suit brought; and a declaration in an action to enforce such forfeiture which fails to allege that any copies were so found is fatally defective, the omission being of a fact which is essential to any right of recovery.

On Demurrer to Plaintiff's Statement of Claim.

Samuel M. Hyneman, for plaintiff.
J. Martin Rommel and Hector T. Fenton, for defendant.

DALLAS, Circuit Judge. The defendant has assigned 10 reasons in support of its demurrer to the plaintiff's statement of claim:

1. The objection that "the writ and statement are defective and insufficient, in not alleging that the suit is brought as well for himself as for the United States," need not be considered; for the plaintiff's counsel, though denying that such a suit must be so brought, concede that it may be, and have expressed their willingness to amend by adding after the name of the plaintiff these words, "who sues as well for himself as for the United States"; and this amendment will, of course, be allowed. Megargell v. Coal Co., 8 Watts & S. 342.

2 and 3. The brief for the defendant states that paragraphs 2 and 3 of the demurrer set up the proposition "that this penalty can only be incurred by a natural person in whose actual possession infringing copies can be, and have been, found prior to suit brought, and cannot be enforced against a corporation." This proposition has been earnestly and ably enforced by argument, but it cannot be sustained. It is unquestionably true that section 4965 of the Revised Statutes, upon which this action is founded, is a rigorously penal one, and therefore should be strictly construed. But the construction which

the defendant invokes is not merely restrictive;—it is discriminative; and the real question is whether the congress intended, in using the words "any person," to discriminate between two sorts of persons (natural and artificial) equally well known, and both recognized by law. No reason has been suggested which could have induced such an intent, and to me it seems that to ascribe to congress a purpose to exempt corporations from, while subjecting natural persons to, the penalties imposed by this section, would be to assume that it purposed a manifestly unreasonable consequence; and of this the court should not be persuaded, except by clear and unequivocal expression. 1 Shars. Bl. Comm. p. 90, and note by Christian. But congress has distinctly declared its intent to the contrary; for the first section of the Revised Statutes prescribes that:

"In determining the meaning of the Revised Statutes, * * * the word 'person' may extend and be applied to partnerships and corporations, * * * unless the context shows that such words were intended to be used in a more limited sense."

Although this defining provision is, in my opinion, conclusive of the question, yet I have examined the cases referred to in supposed support of the defendant's position, but without finding that they tend to sustain it. The case of Androscoggin Water-Power Co. v. Bethel Steam-Mill Co., 64 Me. 441, arose under a state statute which created a criminal offense and also imposed a civil liability; and it was held that "the intent with which the act prohibited is done" was, under that statute, the essential subject of inquiry either in the criminal or in the civil proceeding which it contemplated, and that the intent meant "is individual, not corporate, intent." But it was there said:

"While, undoubtedly, the word 'person' may include a body corporate, we do not think that it was the legislative intention that in the act under consideration it should do so. The fair and natural construction to be given to the language used negatives any such idea."

That case is plainly distinguishable from this one.

In State v. Cincinnati Fertilizer Co., 24 Ohio St. 611, a corporation was indicted under an act of the legislature for erecting and keeping up a nuisance. Nothing was decided which is applicable here, but only that, in view of the state of legislation and practice in the state of Ohio, the whole theory and machinery of whose administration of criminal law seems adapted only to the prosecution and punishment of natural persons, the legislature could not have intended in the use of the word "person," which is found in almost every criminal law of the state, to authorize an indictment against a corporation for this particular offense, without any special or further provision as to the liability of corporations or the mode of proceeding against them.

Benson v. Manufacturing Co., 9 Metc. (Mass.) 562, was decided under a statute which by its express terms made the agents or superintendents of manufacturing establishments liable to the penalties which it imposed; and it was in view of this provision that the court held that, inasmuch as every case may be reached without applying the penalties to corporate bodies, and sustaining actions against them in their corporate name for breach of this statute, an action against such

corporate bodies in their corporate name could not be sustained. The court, however, said:

"They [corporations] may be said to be embraced in the word 'owner' of any manufacturing establishment; and if the provision had been thus limited, and no penalty imposed on other persons than the owners of establishments, it would perhaps have been a reasonable construction, and necessary to give force and effect to the statute, to the extent designed, to have held the corporation liable under the description of 'owner.'"

The authorities which show that under certain circumstances there can be no recovery against the master of a penalty or of damages which the law visits upon the actual wrongdoer, the servant, by way of punishment only, and not for the purpose of compensating the injured party, need not be particularly considered. The charge in this case is against the corporation itself, and a corporation aggregate is but a bundle of agents. As an abstract entity it is incapable of action, but, whatever may at one time have been supposed to be the law, it is now well settled that a corporate body is liable to substantially the same extent as a natural person for the wrongful acts of its officers and agents committed on its behalf, and for its benefit, in the course of their office or employment. "The true rule is that corporations are to be considered as persons when the circumstances in which they are placed are identical with those of natural persons expressly embodied in the statute." Stewart v. Turn Verein, 71 Iowa, 226, 32 N. W. 275. Nothing need be added to show that copies can be found in the actual possession of an artificial person as well as of a natural person. It results from what has already been said that the possession of agents of a corporation, who in that behalf are its representatives, is the possession of the corporation itself. The second and third paragraphs of the demurrer cannot be sustained.

4. The objection that "the specific copyrighted photograph, as it is cited and described in the statement, is not a copyrightable subject-matter," is not well taken. Lithographic Co. v. Sarony, 111 U. S. 53, 4 Sup. Ct. 279, 28 L. Ed. 349.

5. The fifth paragraph of the demurrer avers that the statement is bad "because the amount of the penalty recoverable is limited to the number of copies actually found in the possession of the defendant before suit brought, and the statement does not aver that they were so found." This proposition is, in my opinion, well founded in law. "While the forfeiture is not limited as to the number of the copies, it is limited to such as are found in, and not simply traced to, the possession of the defendant." The plaintiff, in his statement of his cause of action, demands "judgment against the corporation for the sum of $5,000,—one-half thereof to the use of the United States,— besides the costs of this action." Hence it appears that the recovery which he seeks is limited to the penalty of one dollar for every sheet of the alleged infringement found in the defendant's possession, and yet he nowhere alleges that any number of said sheets were so found prior to the bringing of the suit. Therefore he has failed to allege a fact the existence of which is necessary to disclose a cause of action. Bolles v. Outing Co. (decided by the supreme court of the United States Dec. 4, 1899; not yet officially reported), 20 Sup. Ct. 91, Adv.

S. U. S. 94, 44 L. Ed. ——. In that case the question arose upon the exclusion of evidence offered upon the trial, and no point was presented respecting the pleading; but, as the court distinctly held that section 4965 did not impose a forfeiture of one dollar for any copy or copies which had not been found in the defendant's possession before suit brought, it necessarily follows that a declaration which omits to allege that any copies were so found is fatally defective. The omission is to allege a fact upon the existence of which the asserted right of recovery is absolutely dependent. Aechternacht v. Watmough, 8 Watts & S. 162; Ferrett v. Atwill, 1 Blatchf. 151, Fed. Cas. No. 4,747. In a proceeding of this sort there can be no intendment in favor of the plaintiff. "In a criminal or quasi criminal action, the pleading should be clear and consistent. The court is not called upon to strain any language to remove doubt or secure consistency." If any copies were found in the possession of the defendant before the action was commenced, nothing could be easier than to say so plainly. But this has not been done, and "there should be no labored effort at reconciliation of apparently contradictory averments, at least when the pleading is challenged before trial." This fifth ground of demurrer must therefore be sustained, but, with reference to the views just expressed, plaintiff will be afforded an opportunity to amend. Taft v. Engraving Co. (C. C.) 38 Fed. 28; Rev. St. § 954.

6 and 7. The sixth and seventh grounds of demurrer have not been insisted upon.

8, 9, and 10. The eighth, ninth, and tenth grounds of demurrer are not substantial. The fifth paragraph of the plaintiff's statement alleges a precise compliance with the requirement of section 4962 of the Revised Statutes; and whether or not the two complete printed copies of the photograph filed with the librarian of congress contained the identifying title, and were or were not the same photograph which is alleged to have been copyrighted and to have been unlawfully appropriated, is a matter which I think may be determined from the evidence, upon the pleading as it stands. If, however, the plaintiff shall, from abundance of caution, be advised to meet this objection by amending his statement, such amendment will be allowed. Rev. St. § 954.

The demurrer of the defendant to the plaintiff's statement of claim, but only as to the fifth ground assigned in support thereof, is sustained; and the plaintiff is granted 20 days in which to file an amendment of his said statement, and the defendant is allowed 20 days thereafter to plead thereto.