## Apollo Trust Company v. Safe Deposit & Title Guaranty Company, Appellant.

*Equity—Jurisdiction—Assignment—Mortgage.*

Jurisdiction in equity no longer depends solely upon the want of a common-law remedy. If upon consideration by the court the remedy by an action in assumpsit is inadequate, or is insufficient to effect complete justice between the contending litigants, the court may properly adjudge the proceeding by a bill in equity to be the most convenient and effective in order to reach all the phases of the plaintiffs' contention, so as to dispose of the whole matter by securing and protecting the present and future interests of all parties concerned in the controversy. This is particularly the rule when the facts are conceded by demurrer, and the accounts are complicated, or are all in the hands of one of the parties, or the situation involves a trust or confidential relation.

Where the owner of a mortgage assigns it absolutely to secure a creditor, and subsequently assigns the balance of the mortgage to secure another creditor, and in the latter assignment directs his first assignee to collect the mortgage debt in full, and after deducting his own claim to pay the balance of the mortgage debt to the second assignee, the latter may maintain a bill in equity against the first assignee, the assignor and the mortgage creditor, as defendants, to compel the payment of the balance due upon the mortgage after the payment of the debt of the first assignee.

Argued May 14, 1906.   Appeal, No. 27, April T., 1906, by defendant, from decree of C. P. Armstrong Co., June T., 1904, No. 36, on bill in equity in case of The Apollo Trust Company *v.* Safe Deposit and Title Guaranty Company, Thomas Robertson and Godfrey G. Lunderstadt.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Bill in equity for an account.

The averments of the bill appear by the opinion of the Superior Court.

The decree was as follows :

And now, to wit : May 1, 1905, it appearing to the court that the original bill as amended has been duly served on G. G. Lunderstadt and the Safe Deposit & Title Guaranty Company of Kittanning, Pennsylvania, as required by order of this court May 9, 1904 ;

And it further appearing that the time for filing an answer to said amended bill has fully expired and that Thomas Robertson, one of the defendants, admits all the facts as alleged in the plaintiff's bill so far as he is conversant with the same, and that G. G. Lunderstadt and the Safe Deposit & Title Guaranty Company of Kittanning have neglected to file their answer to said bill as amended, it is now ordered, adjudged and decreed that said bill be taken pro confesso and that the facts therein alleged be deemed and taken as true and admitted.

It is further ordered and decreed, 1 :—That the Safe Deposit & Title Guaranty Company of Kittanning shall pay over to the Apollo Trust Company the sum of $500, with the interest received by it on said payment, being the amount paid by Thomas Robertson to said Safe Deposit and Title Guaranty Company on or about May 1, 1903, being the fourth payment of the moneys secured by the mortgage of Thomas Robertson to G. G. Lunderstadt mentioned in said bill.

2. That Thomas Robertson be directed to pay to the Apollo Trust Company the balance remaining unpaid of said Lunderstadt mortgage, to wit, $300 and interest, due May 1, 1904.

*Error assigned* was the decree of the court.

*W. J. Christy*, of *McCain & Christy*, for appellant, cited as to jurisdiction: Owens v. Goldie, 213 Pa. 579.

*Walter J. Guthrie*, for appellee, cited: Kinports v. Boynton, 120 Pa. 306; Kutz's App., 100 Pa. 75; Haskins's App., 164 Pa. 109; Brush Electric Co.'s App., 114 Pa. 574; Blair v. Supreme Council, 308 Pa. 262; Steigerwalt v. Smeych, 9 Pa. Superior Ct. 363; McGinn v. Benner, 180 Pa. 396; Steinmeyer v. Siebert, 190 Pa. 471; Penna. Co. v. Franklin Fire Ins. Co., 181 Pa. 40; Johnston v. Price, 172 Pa. 427; Conemaugh Gas Co. v. Jackson Farm Gas Co., 186 Pa. 443; Mortland v. Mortland, 151 Pa. 593; Tully v. Felton, 177 Pa. 344; Adams' App., 113 Pa. 449; Bierbower's App., 107 Pa. 14; Simpson v. Summerville, 30 Pa. Superior Ct. 17.

OPINION BY ORLADY, J., October 5, 1906:

It is now fully established by many authorities, that jurisdiction in equity no longer depends solely upon the want of a common-law remedy. If upon consideration by the court the remedy by an action in assumpsit is inadequate, or is insufficient to effect complete justice between the contending litigants, the court may properly adjudge the proceeding by a bill in equity to be the most convenient and effective in order to reach all the phases of the plaintiff's contention, so as to dispose of the whole matter by securing and protecting the present and future interests of all parties concerned in the controversy. This is particularly the rule when the facts are conceded by demurrer, and the accounts are complicated, or are all in the hands of one of the parties, or the situation involves a trust or confidential relation: Brush Electric Co.'s Appeal, 114 Pa. 574; Conemaugh Gas Co. v. Gas Co., 186 Pa. 443; Blair v. Supreme Council, 208 Pa. 262.

The suggestion by the demurrer as to Lunderstadt not being a party to the bill was properly met by allowing the amendment, adding him as a defendant, the authority for such order being found in rule 36 of the equity rules. The important facts are not in dispute. On June 15, 1899, the debt of Lunderstadt to the Safe Deposit and Title Guaranty Company was $1,500 and no more. On the same day, to secure this debt he assigned to the company his mortgage against Robertson in

the sum of $2,300, payable in installments of $500 each, on May 1, 1900, 1901, 1902 and 1903, and $300 on May 1, 1904; which the company accepted and had duly recorded.  Robertson paid to the company by virtue of the assignment each of the payments with interest as they became due to the date of filing the bill, and admitted that there remained unpaid the one installment due May 1, 1904.

It is distinctly averred in the fourth paragraph of the bill, and must be accepted as an admitted fact, that the mortgage of Robertson to Lunderstadt was assigned to the Safe Deposit and Title Guaranty Company as collateral security for the payment of his existing indebtedness to said company of $1,500, and upon the express agreement and understanding that after the payment of the first three payments the balance and remainder of said mortgage debt, to wit, $800, was to be reassigned and paid by the said Thomas Robertson to the said assignor.

Instead of keeping himself in position to demand personally the unpaid balance, on October 18, 1900, he assigned to the Apollo Savings Bank, the plaintiff herein, as a collateral security for an indebtedness to that bank " his equitable interest, claim and demand of, in and to " the Robertson mortgage, " which may remain to me over and above the amount of my indebtedness to the Kittanning Safe Deposit and Title Guaranty Company," and directed that company to pay over to the second assignee " all monies remaining in their hands from the collection of said mortgage."  The exact facts of the extent of the indebtedness of Lunderstadt being furnished by the secretary and treasurer of the guaranty company to the cashier of the plaintiff bank prior to the bank's dealing with Lunderstadt for the balance due on the mortgage, and admitting that the assignment of the mortgage was as collateral security for his indebtedness to the guaranty company, and for no other purpose whatever, it is difficult to understand why the guaranty company received the fourth installment of $500 and interest on May 1, 1903, after the debt of Lunderstadt had been fully paid to the company by Robertson; and further, why the company refused on a proper demand to reassign the balance due on the mortgage to the plaintiff bank, inasmuch as he had a clear legal title to assign the unpaid balance of the mortgage.  The fact

that the first assignment was absolute on its face, was not conclusive in the light of the added proof.  The demurrer deals exclusively with technical objections which were properly dismissed by the court, and after complying with the decree as entered, the satisfaction of the mortgage is a matter which may be easily disposed of by a subsequent decree of the court, so that the rights of all the parties will be fully conserved.

The decree is affirmed.