## Compton, Trustee, v. International Harvester Co. of America.

*Metzger & Wickersham*, for plaintiff; *John R. Geyer*, for defendant.

HARGEST, P. J., March 5, 1928.—The plaintiff filed his bill in equity, averring that the Keystone Tractor and Implement Company was adjudged a

bankrupt on Nov. 11, 1924, and that on Aug. 18, 1926, he caused a summons in trespass, in the nature of a trover and conversion, to be issued against the defendant in this court, because of the removal, by the defendants and its agents, of certain property owned by the bankrupt during the months of September and October, 1924, from the stores of the bankrupt located in the Cities of Harrisburg and York, and in the Borough of Palmyra, without the consent of the bankrupt. The bill prays for a discovery. Preliminary objections were filed to the bill, averring that the plaintiff had a full, complete and adequate remedy at law, and that the plaintiff was not entitled to relief or discovery because the matters were so charged as to permit the defendant, its officers and agents, to avail themselves of their constitutional right not to give evidence against themselves. While the matter was pending before us, the plaintiff filed his petition asking leave to amend the bill by adding the ninth paragraph as follows: "That your orator has secured an order from the District Court of the United States for the Middle District of Pennsylvania, to No. 4830 in bankruptcy, wherein it is decreed that the defendant shall appear before your Honorable Court and answer the interrogatories attached hereto, a copy of which order is attached hereto and marked Exhibit B." We permitted this amendment, whereupon the defendant filed preliminary objections to the amended bill. The first two were the same as previously filed. The third was to the effect that the amended bill did not set out the order of the District Court made April 13, 1927, many months after the filing of the original bill; the fourth, that the rights of the plaintiff under the order of the District Court were not in existence at the time of the filing of the bill; the fifth, that there was no jurisdiction or authority in the District Court to make the order, and that the defendant is not a person within the meaning of section 21-a of the Bankruptcy Act.

1. Has the plaintiff a complete and adequate remedy at law? Section 21-a of the Bankruptcy Act of 1898 provides: "A court of bankruptcy may, upon application of any officer, bankrupt, or creditor, by order require any designated person, including the bankrupt and his wife, to appear in court or before a referee or the judge of any state court, to be examined concerning the acts, conduct, or property of a bankrupt whose estate is in process of administration under this act."

As to this provision of the Bankruptcy Act, the defendant seems to be blowing both hot and cold. It contends that the Bankruptcy Act furnishes an adequate remedy at law, but it also contends that the words "any designated person" do not include a corporation. If these words do not include a corporation, then the defendant, being a corporation, is not within the act, and it follows that this provision of the bankruptcy law is not an adequate remedy at law. We adopt the construction which the defendant has urged upon us, that these words do not include a corporation. We think the section quoted is in aid of the administration of the Bankruptcy Act. It is to enable the bankruptcy court to secure evidence for the administration of bankrupts' estates. Corporations cannot testify; only individuals testify, and, therefore, it follows that this furnishes no adequate remedy at law. Without this section of the Bankruptcy Act, we are not convinced that there is any adequate remedy.

The plaintiff contends that the bankruptcy court is a court of equity (Bardes v. Hawarden Bank, 178 U. S. 524; 1 Collier on Bankruptcy (13th ed.), 39; 7 Corpus Juris, 27), and, being in one court of equity, he cannot be compelled to go into another court of equity for his remedy. We are, however, inclined to believe that "equity will not interfere where an adequate

remedy is afforded . . . in bankruptcy:" 21 Corpus Juris, "Equity," § 34. This statement seems to be supported by the English authorities, but our search has revealed no American case supporting it.

The plaintiff has brought a suit in trespass in this court. This bill is in aid of the administration of justice in this court. There is no suggestion that the plaintiff had no right to bring his suit in trespass. Assuming that he had a right to sue, we can see no reason why he should be sent to another court to secure the evidence to prosecute his claim in this court. Discovery in aid of a suit at law is favored in equity: Lesser *v.* Henry, 50 Pa. Superior Ct. 440, 444. To induce equity to refuse its aid to a suitor, it is not sufficient that he may have some remedy at law, but his remedy must be adequate, complete and effective: Shaffer *v.* Hoke, 1 D. & C. 452, 454; Lehigh Valley R. R. Co. *v.* Graham, 64 Pa. Superior Ct. 437, 450.

A bill in equity will be sustained on the ground that it is the most convenient and effective remedy, and this is so when the remedy at law is inconvenient and of doubtful adequacy: Brush Electric Co.'s Appeal, 114 Pa. 574; Conemaugh Gas Co. *v.* Jackson Farm Gas Co., 186 Pa. 443; Apollo Trust Co. *v.* Safe Deposit and Title Guaranty Co., 31 Pa. Superior Ct. 524. So we think that to send the plaintiff out of this court into the bankruptcy court to secure the evidence to be used in this court is "obviously inconvenient." That it is of doubtful adequacy we have already pointed out, because, if the Act of Congress does not apply, the plaintiff might not get the information, even though he attempted to get it in the bankruptcy court.

2. The second reason against the sufficiency of the bill is that the bill charges a criminal offense, and that the plaintiff is not entitled to the relief sought because the matters are so charged that the officers, agents and employees of the defendant may avail themselves of their constitutional right not to give evidence against themselves.

We recognize that it is a sound proposition that no one is bound to answer in a court of equity so as to submit himself to punishment, and if a bill requires such an answer, the defendant is not bound to make it: Bank of United States *v.* Biddle, 2 Parsons, 31; O'Connor *v.* Tack, 2 Brewster, 407; Sheipp Manuf. Co. *v.* McConnell, 17 Dist. R. 749. But this is not such a case. This bill does not necessarily charge a crime. It may well be that if property of the bankrupt was taken, as the bill avers, it was done under a claim of right, and, therefore, the bill does not necessarily require an answer that will subject the officers or agents of the defendant to penalty. Since the bill itself does not require such an answer, it is time enough to invoke the constitutional privilege when evidence is called for under which it may be claimed. Moreover, this bill is not against individuals; it is against the corporation. Generally speaking, a corporation cannot commit a crime involving an intent: State of Washington *v.* Seattle National Bank, 33 Am. Law Reps. 1206, and note; Delaware Division Canal Co. *v.* Com., 60 Pa. 367; Com. *v.* Street Pass. Ry. Co., 24 Pa. C. C. Reps. 25; Androscoggin W. P. Co. *v.* Bethel Steam Mill Co., 64 Me. 441. So it follows that the charges contained in this bill are directed against the corporation and not against any individuals, and the second preliminary objection has no basis upon which to rest.

3. The third, fourth and fifth reasons go to the bill as amended. After careful consideration, we conclude that the bill as originally drawn is sufficient and that the amendment adds nothing to it. In other words, the amendment may be regarded as surplusage. We are inclined to the opinion that a judge of the United States District Court has no power to tell the corporation defendant to appear before this court and answer the interrogatories in an

action in equity pending in this court. This court cannot have its powers and jurisdiction either aided or enlarged by an order of a Federal judge. So we think the bill did not need the amendment in order to sustain our jurisdiction, nor do we think the bill has been seriously hurt by the amendment. Our jurisdiction was complete before the amendment was made.

For these reasons, the third, fourth and fifth preliminary objections to the bill are without merit.

Now, March 5, 1928, it is ordered, adjudged and decreed that the preliminary objections to the bill of complaint filed Oct. 4, 1926, and the preliminary objection to the amended bill of complaint filed Sept. 26, 1927, are hereby dismissed.                                    From Homer L. Kreider, Harrisburg, Pa.