JOHN H. MECABE, Plaintiff, *against* GEORGE JONES, Defendant.

(Decided June 6th, 1881.)

In an action for damages for the publication of a libel, it appeared that the alleged libel was printed in a newspaper published by a joint stock association; that the defendant was secretary and treasurer of the association; that he owned a majority of the shares of its stock, and thereby occupied a controlling position, and had a kind of supervision of the articles that appeared, but that he had never exercised a controlling influence; and that he had no knowledge of or personal connection with the publication complained of. *Held*, that, upon these facts, no personal liability of the defendant for the publication was shown.

EXCEPTIONS taken at a trial term of this court ordered to be heard in the first instance at the general term.

The facts are stated in the opinion.

*Thos. C. E. Ecclesine*, for plaintiff.

*B. F. Einstein*, for defendant.

BEACH, J.—It appears from the evidence that the libelous article was printed in the New York *Times*, a newspaper published by a joint stock association, called The New York

Mecabe *v.* Jones.

Times Publishing Association. The defendant is its secretary and treasurer, and also owns a majority of the shares of the stock ; but had no knowledge of or personal affinity with the publication complained of. He testified to occupying a controlling position by virtue of the number of shares owned by him, and perhaps a controlling influence as to the conduct and general management of the paper, if he chose to exercise it in that way, which he had never done. The latter declaration evidently refers to the ownership of a majority of the stock.

The proprietor of a newspaper is liable for defamatory matter published without his knowledge, because of the delegation by him to others of power to do the wrong ; the printer and editor, by reason of their direct connection with and control over the contents of the paper. The defendant does not appear to have held any position whereby personal liability attached under those principles. Being the secretary and treasurer of the association necessarily gave him no authority, and imposed upon him no duty, to supervise the printed matter, or charged him with any action relative thereto. Neither does the law impose a liability for the libelous imprint solely from owning stock, even if a majority of the shares. There is no needful legal connection between that status and publishing the paper or control of its contents. The defendant's testimony does not place him in a situation of either proprietor, publisher, editor or printer, or where he would be liable as the principal of those directly connected in having to do with the publication. In *Blackwell* v. *Wiswall* (14 How. Pr. 257), the court say, " The only principle upon which one man can be made liable for the wrongful acts of another is, that such a relation exists between them that the former, whether he be called principal or master, is bound to control the conduct of the latter, whether he be agent or servant." Certainly no such relationship is shown to have existed, or may be inferred, from the offices in the joint stock corporation held by the defendant, or from his ownership of a majority of its shares. The company is the proprietor and publisher, and may sue and be sued in the manner provided by statute, while the editor

and printer, by virtue of their employment, are its servants, and not those of an individual owner of stock.

The exception to the denial of motion to dismiss the complaint was well taken, and there should be a judgment for defendant, with costs.

VAN HOESEN, J.—The defendant said he had a kind of supervision of the articles which appeared in the New York *Times.* What the nature and extent of that supervision were, he did not say. I think that it devolved on him, after he had admitted that he had a kind of supervision, to show that it was not of that kind which enabled him to say authoritatively what should or what should not appear in the columns of the paper. If he had control of the columns, and the power to reject and exclude anything which met with his disapproval, he must be held to the liability of a publisher of the libel, though he was only a shareholder in a joint stock company. It is true that a shareholder of a joint stock company was not, at the time this action was tried, liable for any obligation of the company, until a judgment against the company had been obtained, and its property exhausted (*Robbins* v. *Wells,* 1 Robt. 666); but this immunity did not extend to the stockholder, who himself incurred a liability for the wrongful act which made the company also liable.

I think the judgment should be affirmed, with costs.

CHARLES P. DALY, Chief Justice.—I agree in what is above stated except that it devolved on the defendant to show that the kind of supervision or controlling influence which he had, and could, but did not exercise, was not of the kind that enabled him to say authoritatively what should or should not appear in the paper. It was for the plaintiff to show this, as it was for him to make out his case and prove the personal liability of the defendant for what appeared in the paper. I am therefore of opinion, with Judge BEACH, that the judgment will have to be reversed.

Exceptions sustained.