## STATE v. SECURITY BANK OF CLARK.

1. In respect to the manner of commencing criminal actions, the Code of Criminal Procedure is applicable to all persons, natural or artificial.
2. The law makes it the duty of the grand jury to inquire into "all public offenses," etc., and there is no distiction, as to their duty to investigate, between natural persons and corporations. Whatever evidence will justify either an indictment or a presentment against an individual will justify an indictment or presentment against a corporation for any offense which corporation can commit.
3. Proceedings under Sections 7279–7286, Comp. Laws, are not a condition precedent to the power of a grand jury to indict a corporation. They are only intended to provide a means for bringing the corporation before the examining magistrate, after presentment by grand jury, and are only necessary because a corporation cannot be arrested on bench warrant, as a natural person can.
4. A corporation may be indicted in the first instance as an individual may be indicted.
5. A former indictment for same offense pending, is no ground, under the statute; for setting aside an indictment.
6. Nor is such former indictment pending, ground for abatement.
7. Where an indictment charged the receiving of illegal interest for "the use and forbearance" of a certain sum of money from the "22d day of

April, 1889, to the 1st day of October, 1889," it was not error to admit in evidence, on the part of the state, a note, upon which the illegal interest was claimed to have been paid, bearing date of making April 23, 1889, and date of payment October 22, 1889, when the amount alleged in the indictment to have been so received as interest would be in excess of the legal rate upon the basis of the principal of the note and the dates of its making and its payment.

8. The borrower, a witness for the state, from whom the unlawful interest was alleged to have been received, having sworn that he received a certain amount from the bank, and paid back a certain other amount, and that the difference was partly for interest and partly for services and expenses, without giving the amount so paid for services and expenses was asked, in cross-examination: "Isn't it a fact that the sum paid for the examination of the property, and for looking up the records, and for making the papers in this case, was all you paid over and above twelve per cent for this money?" The state objected to the question as "calling for a conclusion," and the objection was sustained. This was error.

9. Where error is shown, injury is presumed unless the contrary affirmatively appear.

(Syllabus by the Court. Opinion filed March 2, 1892.)

Error to circuit court, Clark county. Hon. J. O. AN-DREWS, Judge.

Criminal action for usury. Defendant found guilty and fined $300. Defendant appeals. Reversed.

The facts are fully stated in the opinion.

*C. G. Sherwood,* for plaintiff in error.

An indictment cannot be found against a corporation until a presentment has been first made by a grand jury, a summons issued by a justice of the peace. served as provided by law and an examination held before a justice, and certificate made that there is sufficient evidence to believe the corporation guilty of the offense. Chap. 6, Title 11, Code Crim. Pro.; State v. Railroad, 4 Am. Crim. 137. Consent and appearance by attorney cannot confer jurisdiction. First Bish. Crim. Pro. § 96, 112 and 123. Corporations are not indictable for crime. 3d Am. Crim. Def. p. 17, Notes 1-10. Usury was not a crime at common law. Tyler on Usury, p. 475. The statutory proceeding must be pursued. Bank v. Deering, 91 U. S. 196; Bank v. Lamb, 57 Barb. 429.

The complaint must state that the corrupt agreement was followed by a loan and the actual receipt of excessive interest. Rex v. Upton, Strange 816; Manning v. Tyler, 21 N. Y. 567; Tay v. Grimstead, 10 Barb. 321; Gould v. Horne, 12 Barb. 601.

The taking of reasonable compensation for drawing papers and examining property is not usurous.   Tyler on Usury, 132; Acheson v. Chase, 9 N. W. 734; Smith v. Wolf, 8 N. W. 65.

*Robert Dollard, Attorney General, E. P, Conser* and *S. H. Elrod*, for defendant in error.

Any defect in form which does not prejudice the defendant does not render the indictment insufficient.   Code Crim. Proc. 7250.   The offense of usury is complete when more than legal interest is received.   Agnew v. McElhan, 18 Penn. 484.   An indictment arraigns the accused before the court in which it is found.   § 7263, Comp. Laws.

In case of misdemeanor, several distinct offenses of the same kind may be joined in one indictment.   State v. Baldwin, 45 N. W. 297; People v. Dyer, 44 N. W. 937; Ter. v. Pratt, 43 N. W. 711; People Surrney, 22 N. W. 50; Id. v. McDowell, 30 N. W. 68.

KELLAM, P. J.   At the June term, 1890, of the circuit court, the grand jury of Clark county returned an indictment against plaintiff in error, a corporation under the laws of the state, for the offense of taking usury.   Plaintiff in error appeared specially, and moved to set aside the indictment, on the ground that it was not found in the manner and according to the form of the statutes.   The motion was based upon affidavits tending to show that no summons had been served on any officer or agent of the defendant corporation, and no investigation had before a magistrate.   This motion was made and argued upon the theory that "no indictment can be found against a corporation in this state until a presentment has been first found by a grand jury, a summons issued by a justice of the peace, and served as provided by law, and an examination had before the justice, and certificate made that there is sufficient cause to believe the corporation guilty of the offense;" in other words, that the proceedings provided for in Sections 7579, 7586,

Comp. Laws, are a condition precedent to the power of a grand jury to indict a corporation. But this theory is evidently not correct. The Code of Criminal Procedure is applicable to all persons, natural or artificial, in respect to the manner of commencing criminal actions. Section 7211 makes it the duty of the grand jury "to inquire into all public offenses, committed or triable in the county, and to present them to the court, either by presentment or indictment or accusation in writing." There is no distinction as to their duty to investigate between natural persons and corporations, and whatever evidence will justify either an indictment or a presentment against an individual will justify an indictment or presentment against a corporation. "Indictment" and "presentment" are defined in the statutes. Sections 7212, 7213, Comp. Laws. A grand jury may often return a presentment when it would not be justified in returning an indictment. When a presentment is returned against an individual, a bench-warrant issues, and he is arrested and taken before a magistrate, who proceeds "upon the charges contained in the presentment in the same manner as upon a warrant of arrest on an information." Sections 7226–7232, Comp. Laws. But a corporation cannot be arrested upon a bench warrant. So Sections 7279–7286 provide how the defendant corporation may be brought under the jurisdiction of the examining magistrate. Instead of a warrant, a summons is issued, and served upon the president or other managing officer or agent of such corporation. This is the entire purpose and object of these sections; and they only apply in case of a corporation, where the grand jury returns a presentment instead of an indictment, just as Sections 7226–7232 only apply in case of a natural person, where a presentment, instead of an indictment, is returned. There is a patent incongruity between Section 7579, which reads, "Upon a presentment against a corporation the magistrate must issue a summons," etc., and the form of the summons set out in the next section, which requires the defendant corporation to appear and answer charges "upon the information of A. B., or the presentment of the grand jury," etc. These sections were probably taken from the California

Code of Criminal Procedure, and in their re-enactment here the words "an information" were omitted from said Section 7579. The corresponding section of the California Code reads: "Upon an information or presentment against a corporation," etc. Just what the effect of this omission is, as to criminal proceedings against corporations, except those initiated before the grand jury, it is not necessary to discuss in this case. These proceedings are only intended as a means of bringing the defendant corporation before the magistrate after a grand jury has returned a presentment, and are necessary only because the corporation cannot be brought before him on a bench warrant as natural persons are.

The grand jury may indict a corporation in the first instance, as they may indict an individual. It is not a question of power, but a question of evidence. If the grand jury find only that a public offense has been committed, and that there is reasonable ground for believing that a particular individual or a particular corporation has committed it, they should return a presentment; but if they find, and are willing to specifically charge, that any particular individual or any particular corporation has committed a public offense, they should return an indictment. Upon this motion to set aside the indictment the court made this ruling: "This indictment will be treated as a presentment." This was wrong. It is not pretended but that the indictment was in every respect complete in form and substance, as required by statute. The plaintiff in error was not entitled to have it set aside, but it should have stood as an indictment against it. Subsequently, and upon the theory adopted and announced by the court, that the indictment should be treated as a presentment, proceedings were had before a magistrate, which we presume conformed to said Section 7579–7586, and upon the certificate and return of the magistrate, the grand jury again proceeded to investigate the case, and returned a second indictment for the same offense. This indictment plaintiff in error moved to set aside for the reason that no presentment was ever found against it as required by said Sections 7579–7586. This motion was overruled. This was right,

for reasons already stated. Plaintiff in error then moved to set aside the indictment on the ground that a former indictment was then pending upon the same facts, and charging the same offense. We think the ground existed as stated, but constituted no reason, under the statute, for setting the indictment aside. Section 7283, Comp. Laws, enumerates the grounds for such motion, and this is not one of them. Plaintiff in error then demurred to the indictment; the ground particularly urged being that the facts stated did not constitute a public offense. While this state is not alone in making the taking of illegal interest a criminal offense, such statutes have not often been enforced, and the books afford comparatively few adjudications to serve as guides in determining questions arising in such cases. Section 1, Chapter 133, Laws 1889, declares that "every person who, directly or indirectly, receives any interest, discount or consideration upon the loan or forbearance of any money, goods or things in action, greater than is allowed by law, is guilty of a misdemeanor." The offense is made to consist in receiving the illegal interest. Without reproducing the charging part of the indictment here, we think it is sufficient to say that every fact or element necessary to constitute the offense under the statute, seems to be sufficiently set out. Plaintiff in error also criticises the indictment because it does not state whether the usurious interest was taken upon a "loan" or upon a "forbearance," and claims that the allegation of the indictment that it was received for the "use and forbearance" states two offenses, and is therefore bad; but this does not follow. It is true there is a recognized difference between a "loan" and a "forbearance," but the taking of the illegal interest may be one indivisible act or transaction, and cover the period of the loan and the forbearance; no definite or ascertainable part of the unlawful interest being received distinctively upon either the loan or the forbearance. We think the demurrer was properly overruled.

A jury being impaneled and sworn, plaintiff in error objected to the trial proceeding on the ground that there was a former indictment pending and undetermined in the same court

for the same offense. If this objection was in time,—and it is not suggested that it was not,—it probably had the effect of a plea in abatement, but such fact, to-wit, a former indictment pending, would not be ground for abatement. In Whart. Crim. Pl. § 452, the author says: "It has been ruled that, though the defendant has pleaded to a former indictment for the same offense, the fact of the former indictment being still pending is no bar to a trial on the second." In Dutton v. State, 5 Ind. 534, it was held that "another indictment pending for the same offense constitutes no ground of abatement. This, in criminal prosecutions, seems to be the settled rule." See, also, Kallock v. Superior Court, 56 Cal. 236; State v. Eaton, 75 Mo. 586; Com. v. Drew, 3 Cush. 279.

Upon the trial the state called as a witness A. D. Colton, who testified to borrowing money at the office of the plaintiff in error, and giving his note for the same. A note for $85 was produced which the witness identified as the one given by him to plaintiff in error. It was dated April 23, 1889, and marked, "Cancelled October 22, 1889," with an endorsement of $65 paid September 17, 1889. This note was offered in evidence by the state, and admitted by the court against the objection of the plaintiff in error that there was a fatal variance between it and the allegations of the indictment. The indictment charged that a certain sum of money (naming the amount) was received by plaintiff in error "for the use and forbearance" of another certain sum, naming it, from "the 22d day of April, 1889, to the 1st day of October, 1889;" while, as plaintiff in error claims, the only evidentary effect of the note was to prove that the illegal interest was paid for the use of said money from the 23d day of April, the date of the note, to the 22d day of October, the date of its payment. This is true, but the *gravamen* of the offense is receiving interest in excess of the legal rate, and the direct tendency of the note was to show that fact; for the amount named in the indictment, and alleged to have been received as interest, would be in excess of the legal rate, upon the basis of the principle of the note, and the dates of its making and of its payment.

It is next claimed that the court erred in sustaining the state's objection to the following question propounded to witness Colton on his cross-examination: "Now, I will ask you, Mr. Colton, if it isn't a fact that the sum paid for the examination of the property, and for looking up the records, and for making the papers in this case, was all you paid over and above twelve per cent. for this money." The question was objected to, "as calling for a conclusion." The objection was sustained. It should have been overruled. The question did not call for a a conclusion, except as the knowledge of any witness concerning any fact is a conclusion. The witness had testified in his direct examination that the difference between what he received from the bank and what he paid back was "for interest and on the contract." He had testified that, as provided in the contract referred to, he had paid for the several services therein named, —making papers, examining records, etc.,—but how much for each or all did not appear; and it was certainly competent for plaintiff in error to then ask him in his cross-examination if these several amounts did not make up all he paid "over and above twelve per cent." The question was objectionable neither in form nor substance. The very object of the prosecution was to ascertain whether plaintiff in error had taken more than legal interest. The witness had sworn that he paid it more money than the legal interest would amount to, but that a part of what he so paid was for something besides interest; and plaintiff in error was clearly entitled to show that all he paid over and above lawful interest was paid on some other consideration, and not as interest. It may be urged, however, that this ruling, although wrong, did not prejudice plaintiff in error, as the jury must have found that this agreement to pay for making papers, etc., was only a device to cover the unlawful interest. It is probable that the jury did so find, for otherwise they could not have convicted; but there was no evidence on that question, except the bare fact of the agreement and the payment. There was no testimony tending to show that these charges were unreasonable or higher than the customary

charges for such services. Such charges are legitimate, when fairly and honestly made for necessary services, and not as a cover for forbidden interest. The ruling, when made, was wrong, and the refusal of the court to allow the evidence asked for by the excluded question may have been the very ground upon which the jury felt justified, without any evidence that such charges were unreasonable or unusual, or otherwise tending to show that they were resorted to as a cover for usury, in treating all that Colton paid, over and above the principal, as paid for interest. It is is not impossible, nor very improbable, that the jury understood the ruling of the court as an indication that it regarded these charges as a pretext, and such belief might have influenced their own judgment and verdict. At all events, it is a familiar rule that, when error is shown, injury is presumed, unless the contrary affirmatively appear. In Jackson v. Water Co., 14 Cal. 19, the judgment was reversed because defendants were not allowed to ask a certain question on cross-examination, the court saying: "We cannot see clearly that the defendants were not injured by this error. They might not have been; but the rule is that every error is *prima facie* an injury to the party against whom it is made, and it rests with the other party clearly to show, not that probably no hurt was done, but that none could have been or was done by the error." The judgment of the circuit court is reversed, and the case remanded for a new trial. All the judges concurring.