### PEOPLE v. STAR CO.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. JURY (§ 97*)—COMPETENCY—PREJUDICE.
    A juror was competent under the statute, where he stated that he did not think any evidence would be required to overcome any prejudice he might have against accused, and that he did not think that he would be influenced thereby; it not being required that he shall be positive in the matter.
    [Ed. Note.—For other cases, see Jury, Cent. Dig. § 437; Dec. Dig. § 97.*]

2. CRIMINAL LAW (§ 1172*)—APPEAL—HARMLESS ERROR—ERROR FAVORABLE TO COMPLAINING PARTY.
    Error in a charge which was too favorable to accused is not reversible.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3160; Dec. Dig. § 1172.*]

3. CORPORATIONS (§ 529*)—CRIMINAL LIABILITY—INTENT—LIBEL—"MALICE"—"MALICIOUS."
    Pen. Code, § 242, defines criminal libel as a malicious publication, section 244 provides that a publication having such tendency is deemed malicious if no justification or excuse is shown, and section 718, subd. 3,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

provides that the terms "malice" and "malicious" each import an evil intent, wish, or design, to annoy or injure another. *Held*, that a corporation may be convicted of criminal libel; the evil intent of its agents who published the libel being attributed to it.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2144; Dec. Dig. § 529.*

For other definitions, see Words and Phrases, vol. 5, pp. 4298–4304, 4310; vol. 8, pp. 7712, 7713.]

Appeal from Court of General Sessions, New York County.

The Star Company was convicted of criminal libel, and it appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Clarence J. Shearn, for appellant.

Robert S. Johnstone, for the People.

SCOTT, J.  The defendant, a domestic corporation printing and publishing a daily newspaper, appeals from a judgment of conviction of the offense of criminal libel. Of the libelous character of the article complained of and its publication by defendant there can be no question. The defendant complains that its challenge to one of the jurors was improperly overruled, whereby it was compelled to resort to a peremptory challenge. The chief defect charged against the juror appears to be that he was too intelligent and conscientious. Notwithstanding this, he repeatedly said that he did not think that it would take any evidence to overcome any prejudice he might have against the newspaper published by defendant, that he did not think he would be influenced thereby, and that he believed that he could render a verdict upon the evidence alone, uninfluenced by any feeling. This was sufficient to qualify him as a juror, and the challenge was properly overruled. "It is sufficient under the statute now in force if the juror believes that his opinion will not influence his verdict, etc., and it is not essential that he should be positive upon the subject." People v. Hampartjoomian, 196 N. Y. 77, 89 N. E. 451.

The defendant also criticises a sentence in the charge, which was possibly erroneous, or superfluous, because there was no evidence in the case to which it was applicable. But it was distinctly more favorable to the defendant than it was entitled to, and therefore furnishes no ground for reversal.

The defendant's chief contention, and the only one requiring extended consideration, is that, being a corporation, and having neither soul, conscience, mind, or feeling, it is incapable of entertaining a mischievous and malicious intent, which is an essential element in criminal libel. A criminal libel is defined by the Penal Code (under which defendant was indicted and tried) as a "malicious publication." Section 242. Section 244 of the same Code provides that:

"A publication having the tendency or effect mentioned in section 242 is to be deemed malicious if no justification or excuse therefor is shown."

And section 718, subd. 3, provides that:

"Each of the terms 'malice' and 'malicious' imports an evil intent, or wish, or design.to vex, annoy or injure another person."

The Court of Appeals has very recently pointed out the development and evolution of the law respecting the punishment of corporations for crimes involving the element of intent. People v. Rochester Ry. & Light Co., 195 N. Y. 102, 88 N. E. 22, 21 L. R. A. (N. S.) 998. At one time it was generally considered that a corporation was incapable of committing a crime. By slow degrees, and following upon the extension of the practice of organizing corporations for the purpose of avoiding the penalties of illegal acts, the courts have reached a different conclusion, until the present rule has come to be recognized as that enunciated by Mr. Bishop in his New Criminal Law (section 417) as follows:

"But within the sphere of its corporate capacity, and to an undefined extent beyond, whenever it assumes to act as a corporation, it has the same capabilities of criminal intent and of act—in other words, of crime—as an individual man sustaining to the thing the like relations. * * * Some have stumbled on the seeming impossibility of the artificial and soulless being, called a corporation, having an evil mind or criminal intent. * * * But the author explained in another work that, since a corporation acts by its officers and agents, their purposes, motives, and intent are just as much those of the corporation as are things done."

It was recently said by the Supreme Court of the United States:

"It is true that there are some crimes, which in their nature cannot be committed by corporations. But there is a large class of offenses * * * wherein the crime consists in purposely doing things prohibited by statute. In that class of crimes we see no good reason why corporations may not be held responsible for and charged with the knowledge and purpose of their agents, acting within the authority conferred upon them." N. Y. Cen. & Hudson R. R. R. Co. v. United States, 212 U.' S. 481, 29 Sup. Ct. 304, 53 L. Ed. 613.

Nothing is more common than the rendition of verdicts for punitive damages in civil actions for libel, which implies a publication inspired by actual malice. It is true that such malice is often inferred from gross carelessness or other circumstances; but the inference must be that actual malice existed. Hence such verdicts are to be sustained only upon the presumption that the offending corporation was capable of entertaining and being charged with actual malice. So, also, the Supreme Court of Massachusetts, in holding that a corporation might be held guilty of a criminal contempt, said:

"We think that a corporation may be liable criminally for certain offenses of which a specific intent may be a necessary element. There is no more difficulty in imputing to a corporation a specific intent in criminal proceedings than in civil." Telegram News Co. v. Commonwealth, 172 Mass. 294–297, 52 N. E. 445, 44 L. R. A. 159, 70 Am. St. Rep. 280.

To the same effect is United States v. MacAndrews & Forbes Co. (C. C.) 149 Fed. 823.

We find no difficulty, therefore, in holding that a corporation may be indicted for and convicted of the crime of criminal libel; the evil intent of its agents who write and print the libel being attributable to it.

The judgment of conviction is affirmed. All concur.