PEOPLE ex rel. CARVALHO et al. v. WARDEN OF CITY PRISON.

(Supreme Court, Appellate Division, First Department.  April 7, 1911.)

LIBEL AND SLANDER (§ 150*)—CRIMINAL LIABILITY—PERSONS LIABLE—"MANAGER."

The president, treasurer, and secretary of a stock corporation governed by General Corporation Law (Consol. Laws 1909, c. 23) §§ 3, 34, 43, and Stock Corporation Law (Consol. Laws 1909, c. 59) § 30, vesting the management of such corporations in a board of directors with authority to appoint officers with defined powers and duties, are not, in the absence of evidence of their powers and duties, within Pen. Code, § 246, making every manager of a corporation by which a libel is published chargeable with the publication thereof, though under sections 242 and 244 it may be conceded that the intent to publish a libelous article constitutes the criminal intent essential to constitute criminal liability, for the term "manager" does not embrace the officers of a corporation as such with authority to prevent a libelous publication and to publish a disavowal thereof.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 414; Dec. Dig. § 150.*

For other definitions, see Words and Phrases, vol. 5, p. 4319.]

Ingraham, P. J., and Miller, J., dissenting in part.

Appeal from Special Term, New York County.

Separate proceedings in habeas corpus by the People, on the relation of Solomon S. Carvalho, Bradford Merrill, and Edward H. Clark, against the Warden of the City Prison. From an order sustaining separate writs of habeas corpus issued in favor of the respective relators, the People of the State of New York appeal. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Robert S. Johnstone, Deputy Asst. Dist. Atty., for the People.
Clarence J. Shearn, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. An article was published in the New York American in its issue of December 17, 1908, which constituted a criminal libel, and it was so held by this court on an appeal by the publishing company from a conviction therefor. People v. Star Co., 135 App. Div. 517, 120 N. Y. Supp. 498. The Star Company, which published the newspaper, is a domestic corporation, and the relator Carvalho was its president, and the relator Merrill its treasurer, and the relator Clark its secretary, and their names appeared on each issue of the paper as such officers pursuant to the requirements of the statute. Laws of 1907, c. 475. Each of the relators was held by one of the city magistrates, before whom an examination was had, to answer in the Court of General Sessions on the charge of criminal libel on the theory that he was one of the managers of the publishing company within the provisions of section 246 of the Penal Code, as it existed at the time of the publication. That section of the Penal Code then provided as follows:

"Every editor, or proprietor of a book, newspaper or serial, and every manager of a partnership or incorporated association, by which a book, newspaper or serial is issued, is chargeable with the publication of any matter contained in such book, newspaper or serial. But in every prosecution for libel the defendant may show in his defense that the matter complained of was published without his knowledge or fault and against his wishes, by another who had no authority from him to make the publication and whose act was disavowed by him so soon as known."

The only evidence upon which the relators were held was an admission that they held, respectively, these respective offices at the time of the publication. There was neither evidence with respect to what powers, if any, had been delegated to them, nor with respect to what duties had been imposed upon them by the board of directors; nor was it shown what functions they performed.

The decisions with respect to the civil liability of a corporation for the acts of its president and other officers are not controlling on the question presented by this appeal. In all of these cases there was for the basis of the decision the fact that the officer assumed to act for the corporation, and that it was with respect to a matter which might properly have been delegated, and ordinarily is delegated, to such officer by the board of directors. Moreover, this is a criminal prosecution for a violation of a statute where criminal intent is an essential element of the crime, and the statute must be construed strictly in favor of the accused. Section 242, Penal Code; Roberson v. Rochester F. B. Co., 171 N. Y. 538, 557, 64 N. E. 442, 59 L. R. A. 478, 89 Am. St. Rep. 828; Oakes v. Cattaraugus Water Co., 143 N. Y. 430, 38 N. E. 461, 26 L. R. A. 544.

The learned counsel for the people concedes that there must be a criminal intent, but he contends that, although section 242 of the Penal Code provides that the publication must be malicious, yet section 244 of the same Code provides that, if the publication be a libel as defined in section 242, then it is deemed to be malicious unless justification or excuse therefor is shown as therein provided. He contends that intent to publish the article constituting the libel is sufficient to constitute the criminal intent within the purview of these

provisions. It is not necessary to go further than this concession to sustain the order now under review, for I am of opinion that the mere fact that the relators held the offices enumerated is not sufficient to show that they intended to publish the libel.

It is further contended on behalf of the people in effect that there is a presumption of law that the relators were managers of the corporation which published the libel arising from the fact that they held these respective offices. I am of opinion that this contention is not sound. The Star Company was a stock corporation, and, if we consult the statutes of the state with respect thereto, we find that the management of such corporations is vested in the board of directors. General Corporation Law (Laws of 1892, c. 687) § 29, as amended (now Consolidated Laws 1909, c. 23, § 34), and section 39, as added by Laws of 1895, c. 672 (now Consolidated Laws 1909, c. 23, § 43), and section 3, subd. 6 (now Consolidated Laws 1909, c. 23, § 3, subd. 6), and we find that section 27 of the stock corporation law (Laws of 1892, c. 688), as amended (now Consolidated Laws 1909, c. 59, § 30), which is the only statute relating to the powers of a president, or a secretary, or a treasurer of a corporation, provides that the directors may appoint from their number a president and may appoint a secretary, a treasurer and other officers, agents, and employés "who shall respectively have such powers and perform such duties in the management of the property and affairs of the corporation, subject to the control of the directors, as may be prescribed by them or in the by-laws." Section 614 of the Penal Code, which related to frauds in the management of corporations, also expressly recognized by the definition of "director" that the management of the affairs of a corporation is vested by law in the board of directors. It is quite clear I think, that no presumption arises sufficient to sustain a criminal prosecution that either a president or a secretary or a treasurer is a manager of a corporation, and it has been so held with respect to a secretary and treasurer. Mecabe v. Jones, 10 Daly, 222; Folwell v. Miller, 145 Fed. 495, 75 C. C. A. 489, 10 L. R. A. (N. S.) 332; Cook on Corporations (6th Ed.) §§ 716, 717, 718. See, also, People v. Sherman, 103 N. Y. 513, 9 N. E. 178; opinion of Bandon, J., General Term, in Case and Points in Court of Appeals; Rex v. Hays, 14 Ont. L. Rep. 201, 207; Vardeman v. Penn Life Ins. Co., 125 Ga. 117, 54 S. E. 66. It may be that, since the statute requires the corporation to elect a president from the number of the board of directors, it is to be presumed that Carvalho was a director, but even so that did not, in my opinion, make him a manager of the corporation within the provisions of the Penal Code in question. I think that the Legislature did not intend to embrace in the term "manager" as therein used every director of a corporation; nor did it intend to embrace the officers of a corporation as such, for, had such been the intention, I think a specific reference would have been made thereto, since the Legislature was aware that corporations are managed by their boards of directors, and that certain functions are delegated to the officers. The language of section 246 of the Penal Code with respect to what may be shown in defense of a prosecution is significant. It

is provided that the defendant may show that the libel was published without his knowledge or fault and against his wishes, by another who had no authority from him, and whose act he disavowed as soon as he knew of it. This language is very significant as indicating that only the actors in the publication are included by the term "manager," as distinguished from the owner or proprietor of the paper. Whether an individual or a corporation, the owner or proprietor is not obliged to publish the paper, and is held responsible for whatever is done by his or its employés. The statute presupposes authority in the defendant, prosecuted as a manager, to prevent the publication, and to publish a disavowal thereof. It is not to be presumed, in the absence of evidence showing his connection with the publication, that a mere officer of a corporation or a director thereof is a manager of the corporation within the provisions of said section 246 of the Penal Code.

I therefore vote for an affirmance of the order.

CLARKE and SCOTT, JJ., concur.

INGRAHAM, P. J. The question presented depends upon the construction to be given to section 246 of the Penal Code now re-enacted as section 1344 of the Penal Law (Consol. Laws 1909, c. 40). We have held that this publication was a criminal libel within sections 242 and 243 of the Penal Code, and that the corporation publishing the article was properly convicted of that crime. People v. Star Co., 135 App. Div. 517, 120 N. Y. Supp. 498. By section 245 of the Penal Code, now section 1343 of the Penal Law, it is provided that, to sustain a charge of publishing a libel, it is enough that the defendant knowingly displayed to or parted with its immediate custody under circumstances which exposed it to be seen or understood by another person than himself. And then follows section 246, which provides that every editor or proprietor of a book, newspaper, or serial, and every manager of a copartnership or incorporated association by which a book, newspaper, or serial is issued, is chargeable with the publication of any matter contained in such book, newspaper, or serial.

The relator Carvalho was the president of the corporation publishing this article, Merrill was its treasurer, and Clark its secretary, and their names appeared on each of the papers as such officers pursuant to the requirement of chapter 475 of the Laws of 1907. The question is presented whether these officers or either of them were managers of this corporation within the meaning of section 246 of the Penal Code before referred to.

At common law the proprietor of a newspaper in which a libel was published was answerable criminally as well as civilly for the acts of his servants or agents and for misconduct in conducting the newspaper, although it was shown that he had nothing to do with conducting the newspaper, and that it was conducted by his agent without any interference on his part. Rex v. Walter, 3 Esp. N. P. Cases, 21, cited and approved in Andres v. Wells, 7 Johns. 260, 5 Am. Dec. 267, in which case it is said: "The principle laid down by

Lord Kenyon is salutary and essential." I do not understand that this statement of the law has ever been questioned; the proprietor of a newspaper being thus responsible civilly and criminally for a libel published in it. If such proprietor was a corporation which could act only by its officers or agents, any officer, agent, or employé of the corporation who had to do with the publication would be civilly and criminally responsible. The statute then provides that every "manager" of an incorporated association by which a newspaper is issued is chargeable with the publication of any matter contained therein, and the question is presented as to who is a manager of a corporation. As we have seen, at common law the proprietor of a newspaper was responsible for the acts of his agents in control of it, and the particular agent or employé who had to do with the publication was also civilly and criminally responsible for a publication. When, however, a corporation undertook the publication of newspapers, it became necessary to define those who would be responsible criminally for libels contained in a publication published by a corporation. Strictly speaking, the corporation was the proprietor of the publication, and thus was civilly liable for it. The provisions of section 246 of the Penal Code were enacted in 1881, and there the "manager" of a corporation as distinct from the corporation was made responsible for the crime. The meaning of the word "manager" is one who manages. In the Century Dictionary a "manager" is defined to be one who manages, directs, or controls; one charged with the management, direction, or control of an affair, undertaking, or business; a director or conductor. And thus, to make one criminally responsible for a publication contained in a newspaper published by a corporation, it must appear that the person proceeded against was charged with the management, direction, or control of the undertaking or business in which the corporation was engaged. A corporation can only act by its authorized officers or agents. Generally speaking, it is controlled and managed by its board of directors, but its president is necessarily the general executive officer of the corporation, and one dealing with the corporation is justified in assuming that the president is the one who acts for the corporation. By virtue of his position he is, I think, a manager of the corporation, and therefore it can fairly be said that the president of a corporation is its manager within the meaning of this provision. By the section in question, the manager is chargeable with the publication, but in a prosecution for libel he may show in his defense that the matter complained of was published without his knowledge or fault and against his wishes by another who had no authority from him to make the publication. If he can be fairly said to be the "manager" of the corporation within the meaning of that term as used in this section, he is made by the express mandate of the Legislature responsible, and I think the president of the corporation comes within the provision quoted as its manager.

I agree with Mr. Justice LAUGHLIN that the term would not include the treasurer or secretary; they being officers whose authority is confined to the performance of certain specific duties, and neither being the general executive head of the company.

I think the order appealed from should therefore be reversed in so far as it discharges Carvalho, the president, and the prisoner remanded, and affirmed as to the other two defendants.

MILLER, J., concurs.