W. H. Adams, *et ux.,* etc., Relators, v. Miles W. Lewis, *et al.,* Respondents.

200 So. 852
Division B
Opinion Filed February 18, 1941
Rehearing Denied March 27, 1941

*Lee Guest* and *O. O. McCollum,* for Relators;

*Smith & Axtell, Edgar W. Waybright, Jr.,* and *Thelma H. Waybright,* for Respondents.

Thomas, J.—This cause is before us on a demurrer to a suggestion, presented by the relators, for a writ of prohibition to be directed to the circuit judge, the commissioner appointed by him, and a certain judgment creditor. The

rule *nisi* issued commanding the respondents to show cause why the writ of prohibition should not issue and on the return day the suggestion for the writ was attacked upon the ground, among others, that a writ of prohibition was not a proper remedy in the circumstances reflected in the record.

According to the petition filed in this Court, a judgment had been obtained against a corporation and subsequently the attorney for the holder obtained an order from the circuit judge appointing a commissioner, before whom the judgment debtor could be examined about property upon which a levy could be made to satisfy the claim. In the course of the inquest, an effort was made to prove that the corporation was the alter ego of one of the relators, and the court upon the recommendation of the commissioner made a preliminary order that certain property in the hands of persons, not parties to the original suit, be subjected to the judgment and that they be impleaded and required to show cause why such adjudication should not be made final.

In the petition which was the basis for the rule *nisi* there was complaint of the sufficiency of the evidence to justify the court's ruling and about the commissioner's decision that the impleaded parties should pay the cost of taking and transcribing the testimony offered by them to defeat the efforts of the creditors' to levy on property held by them to pay the judgment debt. Further criticism was made of the order of the circuit judge sustaining this position of the commissioner that these relators bear the expense of the transcript of their testimony and directing that upon their failure to comply, the report be filed containing only the evidence adduced by the judgment creditor.

It was charged that in entering all orders subsequent to the one creating the commission the circuit judge and commissioner respectively exceeded their jurisdiction, and that

the effect was to transcend the scope of such supplementary proceedings under Chapter 7842, Laws of Florida; 1919.

· The relators insisted, too, that this excessive jurisdiction violated their fundamental rights because the commissioner *will* render a report based on the testimony of only the judgment creditor; *will* make a report based on the testimony not reduced to writing; and the circuit judge *will* · order the original execution levied against the property of the impleaded parties who were not involved in the litigation culminating in the judgment.

In conclusion, the relators asked for a writ of prohibition addressed to the circuit judge, the commissioner, and the plaintiff in execution, prohibiting them "from further holding the said matter aforesaid," preventing the commission from filing his report without making a part of it the transcribed testimony of the relators and restraining the judgment creditor from further prosecuting the proceeding.

The demurrants have presented in their brief the questions of the conduct of the commissioner in continuing without the transcription of the relators' testimony and the authority of the court to determine in the supplementary proceeding the status of the property held by the individual who was charged with being the alter ego of the corporation against whom the judgment was entered.

The relators in the brief furnished us supporting the suggestion for prohibition propound questions involving the power of the commissioner to examine third persons about their separate property to determine whether it was subject to the lien of the judgment, and the comparative efficacy of proceedings under the statute and by creditors bill.

It seems to the court that there is an obstacle to consideration of the matters presented in the briefs because of the restrictions and limitations of proceedings in prohibition and this obstruction is squarely before the court on the ground

of demurrer stated at the outset. It is inappropriate to challenge the jurisdiction of the circuit court upon the set of facts we have outlined. As far as the commissioner is concerned, he is the creature of the circuit judge and, of course, is amenable to the orders that the latter may enter from time to time with reference to the conduct and regulation of the inquiry into the status of property which might be reached to satisfy the judgment. Likewise, any activity on the part of the judgment creditor to reach any property other than that actually owned by the judgment debtor would be controlled by the judge's orders and there would be no need to prohibit him. The crux of this phase of this litigation is the jurisdiction of the circuit judge under the authority of the statute which we have cited. It is charged here that he will enter an order supporting the findings of the commissioner and the theory of the relators is that if and when he acts as they anticipate, he will go beyond the power intended to be given by the Legislature in the enactment of that law.

We are of the opinion that the court has jurisdiction to appoint commissioners under the Act to accomplish the purposes intended by it, and that having that jurisdiction we cannot apprehend that he will act wrongly. Even if we were to anticipate a ruling which might subsequently prove erroneous, it would be no excuse for the interference on the part of this court, as the party suffering from such an incorrect decision would have the benefit of bringing the matter here for review. See State *ex rel.* Phoenix Tax Title Corp., *et al.,* v. Viney, 120 Fla. 657, 163 So. 57. In so holding there may be the appearance that the question is begged, but it is important that proceedings in prohibition should be restricted to the field for which they were meant and not become a vehicle for the determination of questions

involving the correct or incorrect decisions of another court in matters in which that court has the authority to act

It is our conclusion that the demurrer to the suggestion should be sustained without any prejudice, of course, to the rights of the relators to re-present in a proper manner the questions which they attempt to have adjudicated in this proceeding.

It is so ordered.

BROWN, C. J., TERRELL, CHAPMAN and THOMAS, J. J., concur.