**BARBARA JOYCE JOHNSON and WILLIAM M. JOHNSON, JR., v. BLANCHE JOHNSON, LYNWOOD P. JOHNSON and ANN G. JOHNSON.**

28 So. (2nd) 438
November 5, 1946
On Rehearing November 30, 1946

June Term, 1946
Special Division B

*Joseph W. Nichols* and *Archie Clement,* for appellants.

*Lee L. Baker* and *Ray E. Ulmer,* and *Baker & Ulmer,* for Blanche Johnson, *M. H. Jones,* for Administrator c.t.a., and *W. S. Wightman* for Guardian ad litem for Lynwood J. Johnson and Ann G. Johnson, appellees.

BARNS, Circuit Judge:

On December 18, 1944 the will of William M. Johnson was probated and on January 11, 1945, Barbara Joyce Johnson and William M. Johnson, Jr., daughter and son by the deceased's first marriage, petitioned the court to revoke the probate of the will upon the grounds (1) that at the time of the execution of the will William M. Johnson was not of testamentary capacity and (2) that the execution of the will was the result of undue influence.

Section 732.30, Florida Statutes 1941, F.S.A., prescribes:

" . . . The petition shall set forth . . . the facts constituting the grounds upon which revocation is demanded."

For the purposes of the hearing on the motion to revoke upon the grounds stated the execution of the will might properly have been assumed.

At the hearing on the petition for revocation evidence was introduced by the proponents of the will to establish that the signature to the will was that of William M. Johnson and no evidence was introduced by the movants.

The motion to vacate and set aside the probate of the will was denied and upon appeal to the circuit court the county judge was affirmed and movants now have appealed to this court.

Contestants have failed to introduce any evidence to support the grounds stated in their motion and argue that the proof of the execution of the will is insufficient to authorize probate. It is our conclusion that the judgment should be affirmed and it is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.

ON REHEARING GRANTED

BARNS, Circuit Judge:

Petition for rehearing suggests that we have overlooked Sec. 732.31, Fla. Stat. 1941, F.S.A., which provides that upon proceedings contesting a purported will that the proponents shall have the burden of proof, in the first instance, to establish the formal *execution* and *attestation* of the will, whereupon the burden shifts to the contestants to establish their stated grounds for revocation of probate.

Upon further consideration we find we were in error in affirming the appeal in that no evidence of any kind was introduced by the proponents to establish attestation. This is one of the statutory requirements whether the contest is before or after the will has been probated.

A prima facie case of execution was established but not attestation.

For an assignment of error merely to state that the court erred in entering a specified order is customarily treated as sufficient in our practice but it is not conducive to the best results. An assignment of error is in the nature of a declaration or complaint. It should state a case.

An appellate court should be liberal in not exacting too much nicety in the specifications of error assigned and on the contrary the appellants should be generous in designating with a fair degree of certainty the specific grounds for reversal. See 2 Am. Jur., Sec. 694, et seq.

"Questions presented" as argument in the brief must flow from and be raised by the complaint against the lower court and be supported by the record on appeal.

Reversed for further proceedings.

CHAPMAN, C. J., TERRELL, and BUFORD, JJ., concur.

BROWN and THOMAS, JJ., dissent.

ADAMS, J., not participating.