**JACK F. WHITE, as County Judge of PINELLAS COUNTY, FLORIDA and BLANCHE JOHNSON v. STATE OF FLORIDA, ex rel. BARBARA JOYCE JOHNSON, et al.**

37 So. (2nd) 580                                                     June Term, 1948
November 23, 1948                                          Special Division B
Rehearing denied December 17, 1948

*M. H. Jones, Anna A. Krivitsky* and *Bezoni & McCord,* for appellants.

*Joseph W. Nichols* and *Archie Clement,* for appellees.

BARNS, J.:

This is an appeal of a final judgment in prohibition wherein a peremptory writ is issued.

The first appearance of the subject matter of this case was in Johnson v. Johnson, 158 Fla. 315, 28 So. 2nd 438.

The second appearance was a mandamus proceeding in the circuit court, seeking to have the court direct the manner in which the county judge should proceed, which mandamus was denied by the circuit court and affirmed by this court—State ex rel. Johnson v. White, 160 Fla. 782, 36 So. 2nd. 224

The real party in interest to the present proceedings is Blanche Johnson, appellant. Appellee, Barbara Joyce Johnson is the same party who brought the first appeal, who also brought the mandamus action, and who later sought prohibition to prevent the county judge from further proceedings by the taking of testimony at a hearing upon the issues presented and recited in Johnson v. Johnson, supra.

Respecting the use of prohibition, this Court, in the Lorenzo-Murphy case, cited with approval the prior holdings, to-wit:

"In the case of Peacock, County Judge, et al. v. Miller decided February 28, 1936, as reported in 123 Fla. 97, 166 So. 212, this court held: 'Prohibition does not lie to prevent or correct commission of errors on part of court that is proceeding within its jurisdiction.'"—Lorenzo v. Murphy, 158 Fla. 315, 32 So. 2nd 521, 423.

And also:

"In the case of Adams et ux v. Lewis et al., decided February 18, 1941, as reported in 146 Fla. 177, 200 So. 852, 853, this Court, speaking through Mr. Justice ELWYN THOMAS, said:— '. . . proceedings in prohibition should be restricted to the field for which they were meant and not become a vehicle for the determination of questions involving the correct or incorrect decisions of another court in matters in which that court has the authority to act.' "—Ibid.

It affirmatively appears that the county judge had jurisdiction over a case of the class then before him and over the parties to the proceedings and that the jurisdiction of the court had been properly invoked. The trial court has jurisdiction to proceed, and such errors as may actually occur may be reviewed only in the ordinary and regular manner. Jurisdiction naturally includes the power to err, which of course is not to be anticipated, but, even if correctly anticipated, neither the mere fear of error nor reasonable certainty of error in the exercise of jurisdiction will impair jurisdiction.

The judgment appealed is reversed.

THOMAS, C. J., CHAPMAN and ADAMS, JJ., concur.