Suit to foreclose chattel mortgage by Marie Roddy against V.B. Bowers, Jr., who filed a counterclaim. From the decree, the defendant appeals.
Affirmed.
The appellee, as mortgagee, brought her bill to foreclose a chattel mortgage, to which bill the appellant-mortgagor filed an answer and counterclaim. Upon the cause coming to issue, Chancellor Joe S. White, on April 30, 1948, entered an order of reference to a Master, as follows:
"In view of the need for expediting the disposition of litigation pending in the court, it seems desirable to try a suit in equity at a designated time, very much as a common law case is tried, rather than spread the taking of testimony and the presentation of the matter to the Court, over a period of time.
"Thereupon it is ordered and decreed that the above cause be referred to Honorable Curtis Byrd who is hereby appointed Special Master in Chancery herein, authorized to try the cause in the County Court House, hear the evidence, rule upon the admissibility of evidence, determine questions of trial procedure and make a report of the same to this Court with his findings of fact, conclusions of law and recommendations. All testimony shall be taken within 30 days from this date. Upon due notice, the Special Master shall forthwith fix a date for the trial within such period. *Page 462 
Unless the Court shall otherwise direct, the trial shall commence on the date fixed by the Special Master and shall proceed without interruption from day to day until completed by the taking of all testimony of all the parties. The time for the taking of testimony shall expire at the conclusion of the trial, notwithstanding the maximum limitation of time prescribed by this order; except that the Special Master may within his discretion continue the trial from time to time not to exceed ten days from such trial date. Any motion for a further continuance, or any application for the reopening of the case for the presentation of newly discovered evidence, shall be presented to the Court."
On May 6, 1948, the Master gave the parties notice as follows:
"To: McCune, Hiaasen, Fleming Kelley, Broward National Bank Building, Fort Lauderdale, Florida. Saunders, Buckley O'Connell, 805 Sweet Building Fort Lauderdale, Florida.
You will please take notice that the undersigned who was appointed Special Master to try the above cause, has set this cause for a hearing at 10:00 A.M. on Tuesday, May 25, 1948, at the Court House in Fort Lauderdale, Florida.
Please govern yourselves accordingly."
At this hearing the attorneys for the plaintiff appeared and offered their proofs. Neither the defendant nor her counsel appeared at the hearing and on the next day the Master filed his report, wherein he made his (1) findings of fact, and (2) recommendations to the Chancellor, of which the parties were notified on May 27, 1948.
The mortgagor, appellant-defendant, did not take exception to any finding of fact by the Master but took exception to the Master's making a report, upon the following grounds: "* * * that on the 24th day of May, 1948, the day before the matter was set for hearing before the Special Master, a settlement was reached between the parties hereto under which the defendant was to pay a certain sum of money to the plaintiff and execute his promissory note for the balance of the sum agreed upon to completely settle all the differences between the parties as set forth in this suit; that on the 24th day of May a check was delivered by the defendant to his counsel and his promissory note executed and delivered to his counsel, in the amounts agreed upon, but that one of the attorneys for the plaintiff stated that he wanted the amount represented by such check in cash, instead of by check of the defendant; that the cash had not been brought into defendant's counsel by 10 o'clock on the morning of May 25, 1948 * * *; that neither the defendant nor his counsel attended said hearing for the reason that the amounts necessary to settle the case on the basis agreed upon had already been put up, as aforesaid, and the plaintiff's acceptance of the defendant's offer to settle on the above basis had not been withdrawn."
And: "Furthermore, under the order appointing the Special Master, the parties had thirty days from April 30, 1948, in which to take testimony if they so desired and the defendant knew that he had five days additional in which to offer testimony if he so desired; but that notwithstanding the provisions of the order appointing the Special Master, the Special Master heard the testimony offered by the plaintiff on May 25, 1948, made his recommendations apparently from the report in the file in this case immediately following said hearing * * * four days before the expiration of the time allowed for the taking of testimony. * * * That subsequent to said hearing the defendant's counsel requested the plaintiff to go through with the agreed settlement, which was refused, the plaintiff's attorney stating that inasmuch as his client had come here from the middle west to testify that she would not accept the settlement theretofore agreed upon but demanded $500 additional, notwithstanding the fact that when the agreement regarding settlement was reached the plaintiff was already actually in Fort Lauderdale. That the defendant and his counsel were of the opinion at the time the plaintiff's testimony was offered that it was merely to allow the plaintiff to offer her testimony so that she could leave and return home in the event the defendant could *Page 463 
not get up the money necessary to carry out the agreement regarding settlement."
And thereupon moved the Chancellor for a re-reference to the Master.
On July 16, 1948, the Chancellor overruled the appellant's exception and denied a re-reference and entered a final decree of foreclosure. Thereupon the mortgagor-defendant entered his appeal from the final decree.
The appellant has not copied into his brief any assignment of error nor has he made any reference to the assignments. See Johnson v. Johnson, 158 Fla. 315, 28 So.2d 438; Red Top Cab 
Baggage Co. v. Dorner, 159 Fla. 538, 32 So.2d 321; State ex rel. Lynch v. Danner, 159 Fla. 874, 33 So.2d 45; Star Fruit Co. v. Eagle Lake Growers, Fla., 33 So.2d 858; Town of Howey-in-the-Hills v. Graessle, Fla., 36 So.2d 619; Pawley v. Pawley, Fla., 37 So.2d 247. However, we have found that the one question presented does relate to the first assignment of error and the Chancellor's act in denying appellant's request for a re-reference to the Master, which is as follows: "1. The chancellor erred in making and entering his order July 16, 1948, overruling defendant's exceptions to the special master's report and denying defendant's motion for order of re-reference."
The provision of the 1931 Chancery Act as now contained in the statutes relative to references to Masters and limitation of time for taking testimony is as follows:
"Section 63.46 Time for taking testimony
"When any chancery cause shall be at issue and shall not have been set for trial before the court, the court of its own motion or upon application of either party, after due notice to the opposite party, shall enter an order fixing the time within which the testimony of the parties shall be taken. After the entry of such an order, the court may, upon good cause shown by either party, enlarge the time; and no testimony taken after such period shall be allowed to be read in evidence at the hearing. * * In the absence of any order by the court extending or limiting the time otherwise, three months from the time a cause is at issue and no longer shall be allowed for the taking of testimony in any cause, unless the case has been set for trial before the court. * * *"
The quoted section relates to procedural limitations and it is not a statutory grant of time. The Chancellor was authorized to direct the manner of proceedings before the Master as specified in his order. The Master received his authority to act by virtue of the order of reference, and he very properly complied with it and the statute. See Sections 63.59 and 63.60, F.S. 1941, F.S.A.
The appellant sought a re-reference upon the basis that he had negotiated a tentative settlement, but his motion affirmatively shows that the settlement called for the payment of money and the delivery of a promissory note by him, and he had done neither.
The appellant also sought a re-reference upon the ground that under the law and order of the Chancellor he had additional time, to-wit, four days, under the circumstances in which to offer his testimony. This contention is refuted by the Chancellor's order and Section 63.59, F.S. 1941, F.S.A., which specifies that "if either party shall fail to appear at the time and place appointed, the master shall be at liberty to proceed ex parte".
Where the answer and counterclaim are considered together with all the facts and circumstances there is nothing to show that harmful error has been committed or that justice has not been done.
The decree appealed is affirmed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur. *Page 464