54 So.2d 183 (1951)
STATE ex rel. LOSEY et al.
v.
WILLARD.
Supreme Court of Florida, en Banc.
August 24, 1951.
*184 E.F.P. Brigham, Miami, for relators.
Richard W. Ervin, Atty. Gen., Reeves Bowen, Asst. Atty. Gen., Robert R. Taylor, County Sol. for Dade County and Robert H. Givens, Jr., Sp. Asst. County Sol., Miami, for respondent.
SEBRING, Chief Justice.
The relators Losey and Rolfe Armored Truck Service, Inc., a Florida corporation, are two of several defendants informed against on an information the validity of which was considered by this Court in State ex rel. Byer v. Willard, as Judge of the Criminal Court of Record of Dade County, Florida, Fla., 54 So.2d 179. As was pointed out in the opinion in that case, the information was based exclusively upon an indictment returned by the grand jury of Dade County.
The relator, Losey, contends that the Criminal Court of Record should be prohibited from trying him on the information because it is bottomed upon an indictment which is void for the following reasons: (1) The grand jury that returned the indictment permitted a special investigator employed by it pursuant to chapter 25765, Special Acts of 1949, to be present in the grand jury room during its sessions; (2) the grand jury permitted special counsel employed by it pursuant to chapter 25765, Special Acts of 1949, to be present in the grand jury room during its sessions, and to question witnesses and advise with the *185 grand jury, to the exclusion of the State Attorney and his assistants; (3) the grand jury permitted a court reporter selected by it pursuant to chapter 25478, Acts of 1949, to be present in the grand jury room during its sessions, in violation of section 905.14, Florida Statutes 1941, F.S.A.
The relator, Rolfe Armored Truck Service, Inc., advances as reasons why the Criminal Court of Record should be prohibited from trying it on the information, the same grounds as are advanced by Losey, and the additional grounds (1) that the indictment returned by the grand jury was based solely upon evidence obtained from an examination of the books and records of the corporation which it was commanded to produce under a subpoena duces tecum and that because of the use of such evidence the corporation had been compelled to give evidence against itself before the grand jury, in violation of its constitutional right against self-incrimination and hence was entitled to immunization from prosecution, under section 932.29, Florida Statutes 1941, F.S.A.; and (2) that the relator, being a corporation and not a natural person, was not subject to prosecution under the gambling laws of the State.
We shall consider these contentions in inverse order:
It is the rule that, except where the only punishment for an offense is death or imprisonment, a corporation may be held criminally liable for acts of misfeasance, malfeasance or nonfeasance, even though the act constituting the offense may be ultra vires, or one as to which a specific intent is essential. And the fact that the punishment for an offense is either fine or imprisonment, or both, will not ordinarily render the offense inapplicable to a corporation. See 13 Am.Jur. 1057-1066, Corporations, Secs. 1132, 1134, 1137, 1144, 1145; Brill, Cyclopedia Criminal Law Secs. 139-142; Fletcher, Cyclopedia Corporations (Perm.Ed.), Secs. 4942, 4943, 4944, 4946, 4948, 4949, 4951, 4959. In recognition of this rule the courts have held a corporation subject to prosecution for obstructing a highway, Palatka & I.R.R. Co. v. State, 23 Fla. 546, 3 So. 158; for obtaining money by false pretenses, State v. Salisbury Ice & Fuel Co., 166 N.C. 366, 81 S.E. 737, 52 L.R.A.,N.S., 216; for criminal libel, People v. Star Co., 135 App.Div. 517, 120 N.Y.S. 498; for selling beer to a known intoxicant in violation of statute, Stewart v. Waterloo Turn Verein, 71 Iowa 226, 32 N.W. 275; for criminal conspiracy, State v. Eastern Coal Co., 29 R.I. 254, 70 A. 1; U.S. v. Nearing, D.C., 252 F. 223; for grand larceny, People v. Canadian Fur Trappers' Corporation, 248 N.Y. 159, 161 N.E. 455, 59 A.L.R. 372; for usury, State v. Security Bank of Clark, 2 S.D. 538, 51 N.W. 337; for selling butter under the statutory weight, State v. Belle Springs Creamery Co., 83 Kan. 389, 111 P. 474, L.R.A. 1915D, 515. And though a corporation is generally immune from prosecution for offenses involving personal violence, at least one court has held that a corporation is indictable for involuntary manslaughter, State v. Lehigh Valley R. Co., 90 N.J.Law 372, 103 A. 685.
The statute under which the criminal charge against the relators was brought provides: "Whoever by himself, his servant, clerk or agent, or in any other manner has, keeps, exercises or maintains a gaming table or room, or gaming implements or apparatus, or house, booth, tent, shelter or other place for the purpose of gaming or gambling or in any place of which he may directly or indirectly have charge, control or management, either exclusively or with others, procures, suffers or permits any person to play for money or other valuable thing at any game whatever, whether heretofore prohibited or not, shall be punished by imprisonment in the state prison not exceeding three years, or by fine not exceeding five thousand dollars." See section 849.01, Florida Statutes 1941, F.S.A. We find no indication in the broad language used in this statute of a legislative intent to restrict its application to "natural" persons only, and we conclude that the statute was meant, also, to apply to corporations. See Commonwealth v. Pulaski County A. & M. Association, 92 Ky. 197, 17 S.W. 442.
We find no merit in the contention of the relator, Rolfe Armored Truck *186 Service, Inc., that it is entitled to immunization from prosecution because of the fact that it was required by subpoena duces tecum to produce its books and records for inspection by the grand jury and that from the evidence thus obtained the grand jury returned the indictment upon which the information is based. The relator is a corporation; and by the great weight of authority a corporation is not a "person" within the meaning of the constitutional provision that no person can be compelled in a criminal case to give evidence against himself. See 58 Am.Jur. 51, Witnesses Sec. 47, and cases cited under footnote 12; also Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; U.S. v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542; Wilson v. U.S., 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771; Essgee Co. of China v. U.S., 262 U.S. 151, 43 S.Ct. 514, 67 L.Ed. 917; Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614; Nekoosa-Edwards Paper Co. v. News Publishing Co., 174 Wis. 107, 182 N.W. 919. See In re Bott, 146 Ohio St. 511, 66 N.E.2d 918; Fletcher Cyclopedia Corporations (Perm. Ed.) Sec. 4671. Since the relator, being a corporation, cannot claim any personal privilege against self-incrimination, it cannot refuse to produce documentary evidence in response to a subpoena duces tecum on the ground that such evidence might tend to incriminate it. This being the rule, the provisions of section 932.29, Florida Statutes 1941, F.S.A., granting immunization from prosecution in certain cases, do not apply to the relator and consequently the principles stated in State ex rel. Byer v. Willard, as Judge of the Criminal Court of Record of Dade County, Florida, Fla. 1951, 54 So.2d 179, do not control.
The remaining contentions of the relators are directed to the fact that a court stenographer, a special investigator and an attorney specially employed by the grand jury to assist it in the examination of witnesses were present in the grand jury room during the jury sessions. It is urged that by reason of the presence of these persons the indictment returned by the grand jury was absolutely null and void.
While the presence in the grand jury room of persons other than those specifically authorized by statute is highly irregular and should not be condoned, we do not understand that the presence of such persons renders an indictment ipso facto void. At most, it will render an indictment returned under such circumstances subject to being quashed on proper and timely motion, and will give to the moving party a ground for review by appeal in the event of an incorrect ruling. For cases where these errors and irregularities have been attacked by plea or motion to quash and rulings thereon reviewed on appeal see Miller v. State, 42 Fla. 266, 28 So. 208; U.S. v. Morse, D.C., 292 F. 273; Wilkes v. U.S., 6 Cir., 291 F. 988; U.S. v. Rockefeller, D.C., 221 F. 462; Hicks v. State, 97 Fla. 199, 120 So. 330. Prohibition is not the proper remedy under such circumstances, Corley v. Adair County Court, 10 Okla. Cr. 104, 134 P. 835; See Florida Statutes 1949, Sec. 905.14, F.S.A.; for prohibition will not lie to correct errors made by a trial court in the exercise of its jurisdiction over the parties and the subject matter. State ex rel. Jennings v. Frederick, 137 Fla. 773, 189 So. 1; Adams v. Lewis, 146 Fla. 177, 200 So. 852; White v. State ex rel. Johnson, 160 Fla. 965, 37 So.2d 580; State ex rel. Johnson v. Anderson, Fla., 1948, 37 So.2d 910; Harrison v. Murphy, 132 Fla. 579, 181 So. 386; Peacock v. Miller, 123 Fla. 97, 166 So. 212; State ex rel. Schwarz v. Heffernan, 142 Fla. 137, 194 So. 313; Lorenzo v. Murphy, 159 Fla. 639, 32 So.2d 421; Crill v. State Road Dept., 96 Fla. 110, 117 So. 795.
The charge against the relators was one of which the Criminal Court of Record of Dade County had jurisdiction and hence the Court had jurisdiction to rule on the motion to quash filed by the relators. Assuming for the sake of argument that that court ruled incorrectly  a matter we refrain from deciding  the proper method of correcting such erroneous ruling is by an appeal to this court, in the event the relators are found guilty at the trial.
We express no opinion as to the constitutionality of chapter 25478, Acts *187 of 1949; it being elementary that a court will not decide the constitutionality of a statute where a decision can rest on other grounds. Neither do we express any opinion as to what ruling this court may make with respect to the order denying the motion to quash, in the event that issue is duly presented on an appeal from a judgment of conviction; for that question is not now before us.
From the conclusions we have reached on the issues duly presented it follows that the application of the relators for the issuance of a writ of prohibition absolute should be denied.
It is so ordered.
TERRELL, THOMAS, ADAMS and HOBSON, JJ., concur.
CHAPMAN and ROBERTS, JJ., not participating.