BARKDULL, Judge.
By these appeals, the State seeks review of orders of the Criminal Court of Record in and for Monroe County, Florida, dismissing informations[1] filed against the appellees upon indictments returned by the 1968 Spring Term Monroe County Grand Jury. The informations were dismissed as to all the appellees, because the trial court found that certain members of the Grand Jury panel were pre-disposed to return indictments against the appellees at the time they were impanelled and sworn, in violation of § 905.04, Fla.Stat., F.S.A. Further, that there were unauthorized and unsworn personnel present before the Grand Jury while considering returning of indictments against these appellees. In addition, as to the appellee Bernie C. Papy, Jr., the trial judge found that he testified before the Grand Jury pursuant to a witness subpoena; that he did not waive immunity *605 and, therefore, pursuant to the provisions of § 932.29, Fla.Stat., F.S.A., he was immune from prosecution under the indictments as returned. Following oral argument, we consolidated these appeals for purposes of opinion and decision.
We affirm the trial court in dismissal of the informations. An unauthorized person was permitted in the Grand Jury room at the time of the deliberations resulting in the indictments. One Fletcher, who was an attorney at law and who admittedly drafted the indictments in question, was present before the Grand Jury and testified as a witness for the State. He was not a duly designated Assistant State Attorney, pursuant to § 27.181, Fla. Stat., F.S.A., and the record does not reveal that he was qualified as an Assistant to the State Attorney, pursuant to the provisions of § 27.18, Fla.Stat., F.S.A. And further, there is no showing that the presiding circuit judge duly authorized his attendance before the Grand Jury as an Assistant, pursuant to the provisions of § 27.-18, Fla.Stat., F.S.A. It also does not appear that even if Fletcher was a duly authorized Assistant to the State Attorney, pursuant to § 27.18, Fla.Stat., F.S.A., that he took the necessary oath of secrecy at any time prior to his appearing as a witness before the Grand Jury. Therefore, the trial judge was eminently correct in dismissing the informations when the record reveals this unauthorized person and unorthodox procedure before the Grand Jury. The sustaining of the trial judge’s action in dismissing the information upon this ground is sufficient to result in an affirmance of the orders under review without the necessity of examining the other grounds relied on by the trial judge as to the other unauthorized or unsworn persons present in the jury room and the pre-dis-position of several of the jurors, and no further comment will be made as to these matters.
However, in addition to the reasons above stated for affirming the trial court as to the appellee Bernie C. Papy, Jr., it is clear from the record that at the time he was subpoenaed before the Grand Jury they were investigating a crime within the meaning of the larceny statute, § 811.021, Fla.Stat., F.S.A.; that he refused to waive immunity; that he gave testimony relating to the very transaction identified in the indictments and informations based thereon upon which he was charged and, therefore, under the clear import of § 932.29, Fla. Stat., F.S.A., he was granted immunity from prosecution for these alleged crimes. State ex rel. Mitchell v. Kelly, Fla.1954, 71 So.2d 887; State ex rel. Johnson v. MacMillan, Fla.App.1967, 194 So.2d 627; State v. Buchanan, Fla.App.1968, 207 So.2d 711.
The several orders here under review be and the same are hereby affirmed.
Affirmed.

. The informations based on the indictments charged all the appellees, except J. W. Saunders, with conspiracy to cheat and cheating the Utility Board of Key West. This was allegedly accomplished by selling to the Utility Board certain land at an exorbitant price and obtaining monies therefor from the Board. Saunders was charged with several counts of embezzlement, as was M. E. Rosam, II.