310 So.2d 289 (1975)
The Honorable T. Edward AUSTIN et al., Petitioners,
v.
STATE of Florida ex rel. Floyd T. CHRISTIAN, Respondent.
No. 46475.
Supreme Court of Florida.
February 10, 1975.
*290 Robert L. Shevin, Atty. Gen., George R. Georgieff, Raymond L. Marky and Michael M. Corin, Asst. Attys. Gen., T. Edward Austin, Assigned State Atty., and Aaron K. Bowden, Asst. State Atty., for petitioners.
Joseph C. Jacobs and E.C. Deeno Kitchen, Ervin, Varn, Jacobs & Odom, Tallahassee, and Robert L. Floyd and Michael A. Pohl, Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, for respondent.
Reubin O'D. Askew, Governor of Florida, and Arthur C. Canaday, Gen. Counsel, Tallahassee, for amicus curiae.
E.J. Salcines, Jr. and David H. Bludworth, State's Attys., for Florida Prosecuting Attys. Association, amicus curiae.
ADKINS, Chief Justice.
This cause is here on petition for writ of certiorari supported by certificate of the District Court of Appeal, First District, that its decision (opinion filed November 5, 1974) reported in 302 So.2d 811, is one which involves a question of great public interest. We have jurisdiction. See Fla. Const., art. V, § 3(b)(3), F.S.A.
On March 4, 1974, the Governor issued Executive Order 74-19 assigning T. Edward Austin, State Attorney of the Fourth Judicial Circuit, to discharge the duties of Harry Morrison, State Attorney of the Second Judicial Circuit, as such duties related to allegations or reports concerning Floyd T. Christian, Commissioner of Education. The order further provided that the assigned State Attorney and "any one or more of his duly qualified assistant state attorneys, which assistants may be designated by him" shall proceed to the Second Judicial Circuit, investigate and receive testimony and evidence concerning Christian, and be vested with the powers and the prerogatives of "state attorneys or assistant state attorneys as the case may be."
Pursuant to this order Austin and two assistant state attorneys from the Fourth Judicial Circuit proceeded to the Second Judicial Circuit and conducted an investigation of Christian through means of the duly constituted grand jury then sitting in Leon County, Florida.
Five indictments were returned against Christian, who then questioned the validity of the assignment of Austin and his assistants. The Attorney General and the resident State Attorney Morrison refused to bring quo warranto proceedings, so the petition under consideration was brought by Christian in the District Court of Appeal alleging that Executive Order 74-19 was void.
If the power and authority of an assigned State Attorney is to be tested, it should be done in direct proceedings by quo warranto. Hart v. State, 144 Fla. 409, 198 So. 120 (1940); Johns v. State, 144 Fla. 256, 197 So. 791 (1940). See also Quo Warranto in Florida, by Richard W. Ervin *291 and Roy T. Rhodes, 4 Fla.Law Review 559 (1951); Origins and Current Florida Status of the Extraordinary Writs, by Alto Adams and George J. Miller, 4 Fla.Law Review 421, 453 (1951).
When the Attorney General and the resident State Attorney refused to bring the proceedings, Christian became a proper party under the circumstances of this case to institute and maintain direct quo warranto proceedings in the District Court of Appeal. See State ex rel. Pooser v. Wester, 126 Fla. 49, 170 So. 736 (1936).
The District Court of Appeal held the assignment to be invalid and the decision was certified to us because it involved a question of great public interest.
The first question to be determined is whether the Governor had the authority to assign Austin to conduct the investigation of Christian in the Second Judicial Circuit while the resident State Attorney Morrison was available.
The pertinent statutes then in effect relating to assignments read as follows:
"27.14 Assigning state attorneys to other circuits.  If any state attorney shall be disqualified to represent the state in any case pending in the courts of his circuit, or if for any other good and sufficient reason the governor of the state thinks that the ends of justice would be best served by an exchange of state attorneys, the governor may require an exchange of circuits or of courts between such state attorney and any other state attorney of the state, or may assign any state attorney of the state to the discharge of the duties of state attorney in any circuit of the state. Any exchange or assignment of any state attorney hereunder to a particular circuit for a period in excess of sixty days in any one calendar year must be approved by order of the supreme court upon application of the governor showing good and sufficient cause to extend such exchange or assignment.
"27.15 State attorneys to assist in other circuits. 
"(1) The governor of the state may for good and sufficient reasons require any state attorney in the state to proceed to any place in the state and assist the state attorney holding office in the circuit where such place is located in the discharge of any of the duties of such state attorney. Any state attorney in this state who shall be so directed by the governor to go and assist any other state attorney in the discharge of his duties shall immediately proceed to the place designated and assist the state attorney of the circuit in which such place is located in the performance of his duties."
The District Court of Appeal in its opinion said:
"[T]he Governor had the power and authority under F.S. 27.15, to order Respondent Honorable T. Edward Austin to the Second Judicial Circuit, there to assist the resident State Attorney in the discharge of any of his duties without limitation of time, or in the alternative to assign said Respondent as the State Attorney of the Second Judicial Circuit pursuant to F.S. 27.14 for the initial period not to exceed sixty days. In either case that circuit would have one and only one State Attorney personally charged with plenary responsibility for all investigations, informations, and prosecutions therein: But the Governor does not have the statutory power nor authority to `assign' (as distinguished from `exchange') a state attorney (in the absence of disqualification) to discharge the duties of (as distinguished from `assist') another state attorney in a single case or in regard to a single individual."
Four times in the last 35 years the Supreme Court of Florida has considered the propriety of an assignment of a state attorney. In Hall v. State, 136 Fla. 644, 187 So. 392 (1939), the Court upheld the assignment of a state attorney for the purpose of one case where the resident state *292 attorney was disqualified in that case. This is clearly permitted by the first clause of Fla. Stat. § 27.14, F.S.A. In Johns v. State, supra, the Court upheld the assignment of one state attorney "to discharge all and singular duties of State Attorney" of the resident circuit to which assigned. In Hart v. State, supra, the Court acknowledged that it had never before decided whether a state attorney could be assigned to another circuit for the purpose of one case where the resident state attorney was present and not disqualified. The Court avoided the question by ruling that the remedy lay in direct proceedings by quo warranto instead of in a direct appeal from the judgment of conviction. In Finch v. Fitzpatrick, 254 So.2d 203 (Fla. 1971), the Court ruled that the Governor's determination of "good and sufficient reasons" was conclusory. This was the only ground which the Court mentioned for the attack on the assignment.
A state attorney in Florida is not merely a prosecuting officer in the circuit in which he is elected, he is also an officer of the State in the general matter of enforcement of the criminal law. It is the State and not the county, that pays his salary and official expense. He is prohibited from appearing in some other circuit court in the State and defending a person charged with committing a crime in such other circuit. He is required by the Constitution to devote full time to his duties and prohibited from engaging in the private practice of law. (Fla. Const., art. V, § 17, F.S.A.) This constitutional provision also requires that a state attorney be elected in each judicial circuit and shall be the prosecuting officer of all trial courts in that circuit and "shall perform other duties prescribed by general law." See Hall v. State, supra.
The Governor has the constitutional responsibility to "take care that the laws be faithfully executed." Fla. Const., art. IV, § 1, F.S.A. If there were no statute permitting an assignment of state attorneys and, upon disqualification of the resident state attorney, the trial judge were unable to select an acting state attorney from the members of the Bar, this constitutional provision is sufficient to authorize the assignment of a state attorney by the Governor. Advisory Opinion to Governor, 152 Fla. 119, 10 So.2d 926 (1942).
We hold that if for any good and sufficient reason the Governor thinks that the ends of justice would best be served, he may assign any state attorney of the State to the discharge of the duties of state attorney in any investigations in any circuit of the State.
Considerations of convenience, such as expediting the due administration of justice or considerations of sound public policy, should never be controlling in the construction of constitutional provisions. However, they may be of great assistance in ascertaining the intent and meaning of a constitutional or statutory provision as to which there may be some doubt arising from the uncertainty or generality of the language used. Hall v. State, supra. Although this Court did not decide the issue in Hart v. State, supra, it did make the following observations:
"It is conceivable that many situations would arise where the proper administration of justice would `be subserved' by the transfer of state attorneys, even though the corresponding resident official might be present, and to all appearances, capable and qualified. A state attorney might be sent into another circuit because better qualified from his experience to prosecute a particular offense. One might be assigned to insure a speedy trial where the docket had become burdensome. In the abundance of caution, a resident state attorney might ask that he be relieved from the prosecution of a case where he felt he might, because of circumstances which would not justify a disqualification, be embarrassed in discharging the duties of his office. These and many other circumstances could motivate the Governor in *293 issuing an order for the assignment, and reciting in it in all good faith that justice would be subserved by its issuance." 198 So. 120, 125.
Unquestionably, under Fla. Stat. § 27.15, F.S.A., the Governor could have ordered Austin to assist the resident State Attorney of the Second Judicial Circuit in the discharge of his duties without limitation of time. In the alternative, under Fla. Stat. § 27.14, F.S.A., the Governor could assign Austin as State Attorney for the Second Judicial Circuit for an initial period not to exceed sixty days.
If the assigned State Attorney were required to assume all of the duties of the resident State Attorney, he would have to acquaint himself with the myriad cases already in some stage of completion and redo all the efforts of the resident State Attorney. In the case sub judice, the resident State Attorney represented that this investigation would tax the resources of his office and the Governor made the determination that the interests of justice would be best served by the assignment of another prosecutor. The resident State Attorney remained as a duly elected State Attorney of the Second Judicial Circuit. Austin, the assigned State Attorney, remained in the Second Judicial Circuit at the request of the resident State Attorney only for the limited purpose of the Christian investigation. The constitution does not expressly or impliedly require that the duties "prescribed by law" for the State Attorney be confined to the judicial circuit in which he is appointed. A statute enacted by the Legislature may not constrict a right granted under the ultimate authority of the Constitution.
Statutes should not be construed in a way so as to lead to untenable conclusions. See 30 Fla.Jur. Statutes § 84 (1974), and cases cited therein. The statutes authorizing assignments of state attorneys should be broadly and liberally construed so as to complement and implement the duty of the Governor under the Constitution of the State of Florida to "take care that the laws be faithfully executed." See Fla. Const., art. IV, § 1(a), F.S.A. That portion of the decision of the District Court of Appeal to the effect that it purports to hold State Attorney Austin was unlawfully assigned to the Second Judicial Circuit, pursuant to the order of the Governor, is quashed.
Although we conclude that the assignment of the State Attorney of the Fourth Judicial Circuit to the Second Judicial Circuit for the sole purpose of investigating and receiving testimony and evidence concerning Christian was valid, we agree with the District Court of Appeal that the purported assignment of the Assistant State Attorneys of the Fourth Judicial Circuit was invalid and approve that portion of the decision.
The State Attorney may appoint such Assistant State Attorneys as may be authorized by law. Fla. Const., art. V, § 17, F.S.A. Each Assistant State Attorney so appointed serves during the pleasure of the State Attorney appointing him. This means that an assistant may be discharged or replaced at the will or pleasure of the State Attorney. Fla. Stat. § 27.181, F.S.A. Although the Assistant State Attorney is required to subscribe to the written oath that he will faithfully perform the duties of Assistant State Attorney, he is "not an officer of the State of Florida." We adopt the following language of the District Court of Appeal:
"State Attorneys are constitutional officers, charged with the responsibility of prosecutions in the circuit in which he is elected and with the performance of such other duties as are prescribed by general law. He is required to have been a member of the Bar of Florida for at least five years. (Constitution of Florida Art. V, Sec. 17) Being an elected official he is responsible to the electorate of his circuit, this being the traditional method in a democracy by which the citizenry may be assured that vast power will not be abused. On the other hand, Assistant State Attorneys are appointed *294 by the State Attorney, serving at his pleasure, and responsible only to him. Experience is not a requisite to their appointment. (F.S. 27.181(2)) While the office of State Attorney is a constitutional office, the office of Assistant State Attorney is a creature of statute. The Legislature, in its wisdom, has empowered the Governor to exchange and assign State Attorneys between judicial circuits within the confines of its enactments. It has not in any similar manner empowered the Governor to exchange nor assign Assistant State Attorneys. Certainly the Legislature has not empowered the Governor to delegate to an Assigned State Attorney such authority. The vacuum of authority is not filled by F.S. 27.324 which provides that Assistant State Attorneys, properly appointed, are vested with all the powers, duties and responsibilities of State Attorneys. It is obvious that that statute, when read in para materia with F.S. 27.181 and F.S. 27.255 is intended to vest Assistant State Attorneys with the power, duties and responsibilities of their appointing State Attorney while performing their duties in the circuit of their appointment."
Fla. Stat., § 27.18, F.S.A., contains the following provision:
"The state attorney, by and with the consent of court, may procure the assistance of any member of the bar when the amount of the state business renders it necessary, either in the grand jury room to advise them upon legal points and framing indictments, or in court to prosecute criminals; but, such assistant shall not be authorized to sign any indictments or administer any oaths, or to perform any other duty except the giving of legal advice, drawing up of indictments, and the prosecuting of criminals in open court... ."
If the assigned State Attorney desires to use his own assistants, he could very easily present the assistant to the Judge of the Circuit Court to which he is assigned and have the assistant sworn in as an Assistant State Attorney in the circuit to which the State Attorney has been assigned. In view of the fact that experience is not required as a prerequisite for the appointment of an Assistant State Attorney, a Judge of the Circuit Court to which the State Attorney is assigned should have an opportunity to determine whether or not an assistant appointed by a State Attorney from another circuit is qualified and capable of advising the grand jury upon legal points and framing indictments.
In summary, we hold that under the provisions of Fla. Stat. § 27.14 and § 27.15 (1973), F.S.A., the Governor did have the authority to assign a state attorney from one circuit to another circuit for the purpose of conducting an investigation, participating in grand jury proceedings and conducting a trial even though the resident State Attorney was available.
The above statutes did not authorize the Governor to assign Assistant State Attorneys.
The Legislature recognized this deficiency in the above statutes when it enacted Laws of Florida Chapter 74-627. The new statute is not before us for consideration.
The portions of the decision of the District Court of Appeal in conflict with this opinion are quashed and the cause is remanded to the District Court of Appeal for further proceedings consistent with this decision.
It is so ordered.
McCAIN, J., and McCRARY and LEE, Circuit Court Judges, concur.
OVERTON, J., concurring in part and dissenting in part with opinion with which DREW (Retired), J., concurs.
OVERTON, Justice (concurring in part, dissenting in part).
I fully concur that the Governor had the constitutional power and properly assigned *295 the state attorney of the Fourth Judicial Circuit to the Second Judicial Circuit for the purpose of investigating and receiving testimony and evidence concerning Floyd T. Christian.
I strongly dissent from that portion of the majority opinion that holds the indictments in this cause must fail because of the failure of the assistant state attorneys to take a second oath of office applicable to the circuit of the grand jury without any showing of prejudice by the defendant.
The majority opinion recognizes that it is clearly proper for an assistant to aid his own state attorney before a grand jury in his own circuit. This being so, what is the magic need to have a separate oath for the assistant to aid the same state attorney before a grand jury in another circuit?
There is no logical reason or necessity for an individual oath in each circuit for an assistant state attorney where one oath suffices statewide for the state attorney. An assistant state attorney serves only "during the pleasure of the state attorney appointing him." He has authority to "discharge all of the duties of the state attorney appointing him, under the direction of said state attorney... ." Section 27.181(2), (3), Florida Statutes. There is no statutory limitation or requirement that the oath of the assistant applies only to the circuit of the state attorney's residence.
When a state attorney has been properly assigned, as Mr. Austin was in this case, the use by said state attorney of his own assistants is clearly proper under our present constitution and statutes. The need for a specially assigned state attorney to use his own staff is illustrated by this specific case. Here, the reason for the assignment was because the resident state attorney represented to the Governor that this investigation would tax the resources of his office.
The majority opinion attempts to distinguish the state attorney as a "state official" and an assistant state attorney as a "circuit official." A circuit is not a political subdivision under our constitution, and both the state attorney and his assistants are paid by the State from the same appropriation.
An inference is raised that the state attorney is different because he must have five years experience, but this Court has said previously that an acting state attorney, who does not have that five years experience, may be appointed to take the state attorney's place. State ex rel. Harris v. McCauley, 297 So.2d 825 (Fla. 1974).
It is my opinion that the assistants who were present with the assigned state attorney before the grand jury in the case sub judice were properly qualified.
DREW (Retired), J., concurs.