310 So.2d 295 (1975)
The Honorable John A. RUDD and the Honorable Ben C. Willis, As Judges of the Second Judicial Circuit, in and for Leon County, Florida, Petitioners,
v.
STATE of Florida ex rel. Floyd T. Christian, Respondent.
No. 46476.
Supreme Court of Florida.
February 10, 1975.
*296 Robert L. Shevin, Atty. Gen., George R. Georgieff, Raymond L. Marky and Michael M. Corin, Asst. Attys. Gen., T. Edward Austin, Assigned State's Atty., and Aaron K. Bowden, Asst. State's Atty., for petitioners.
Joseph C. Jacobs and E.C. Deeno Kitchen, Ervin, Varn, Jacobs & Odom, Tallahassee, and Robert L. Floyd and Michael A. Pohl, Frates, Floyd, Pearson, Stewart, Proenza and Richman, Miami, for respondent.
Reubin O'D. Askew, Governor of Florida, and Arthur C. Canaday, Gen. Counsel, Tallahassee, for amicus curiae.
E.J. Salcines, Jr. and David H. Bludworth, State's Attys., for Florida Prosecuting Attys. Association, amicus curiae.
ADKINS, Chief Justice.
This cause is here on petition for writ of certiorari, supported by certificate of the District Court of Appeal, First District, that its decision reported in 302 So.2d 821 (opinion filed November 5, 1974), is one which involves a question of great public interest. See Fla. Const., art. V, § 3(b)(3), F.S.A.
This is a companion case to Austin v. State ex rel. Christian, 310 So.2d 289, in which our opinion was filed this date.
Several indictments were returned against Floyd T. Christian. He filed motions to dismiss the indictments on the grounds that,
1. The simultaneous presence of State Attorney Austin and his two assistants *297 before the grand jury constituted a violation of Fla. Stat. § 905.17(1) and 905.19, F.S.A., and
2. Christian, because he was then Commissioner of Education for the State of Florida, "was not subject to indictments prior to impeachment and conviction by the Florida Legislature."
The motion to dismiss was denied.
Thereupon, Christian filed a suggestion for writ of prohibition and in the alternative petitioned for writ of common law certiorari in an effort to prevent trial on the indictments. The District Court of Appeal held that prohibition was not a proper remedy under the circumstances, but that common law certiorari was an appropriate remedy. Under the circumstances of this particular case, we cannot say that the District Court of Appeal abused its discretion in issuing the common law writ of certiorari.
Upon review, it was held that Christian was not entitled to a dismissal of the indictments because they were returned prior to his resignation from office as the Commissioner of Education. However, the District Court held that the indictments were subject to the motion to dismiss because the Assistant State Attorneys simultaneously appeared before the grand jury in violation of Fla. Stat. §§ 905.17 and 905.19, F.S.A.
We approve that portion of the decision holding that Christian could be indicted prior to impeachment or conviction pursuant to Fla. Const., art. III, § 17, F.S.A., resignation or completion of his term of office.
In the case sub judice, the assigned State Attorney and his assigned Assistants interrogated witnesses before the Leon County Grand Jury. On some occasions the State Attorney and his two Assistants appeared simultaneously before the Grand Jury and on other occasions only the assigned Assistants were present.
These Assistants, being improperly assigned, were not authorized to be in the Grand Jury room. See companion case of Austin v. State ex rel. Christian, 310 So.2d 289 (opinion filed February 10, 1975). As stated by the District Court of Appeal in this case:
"Courts of this State have found that the presence of unauthorized persons in the Grand Jury room in violation of statutory authority constitutes grounds for dismissal or quashal of the indictment. (State v. Papy, Fla.App. 3rd 1970, 239 So.2d 604; State v. Gartenmayer, Fla.App. 3rd 1970, 239 So.2d 116 and State ex rel. Losey v. Willard, Sup.Ct. Fla. 1951, 54 So.2d 183. See also annotation in 4 A.L.R.2d at page 392 et seq.)."
While the presence in the Grand Jury room of persons other than those specifically authorized by statute is highly irregular and should not be condoned, the presence of such persons does not render an indictment ipso facto void. State ex rel. Losey v. Willard, 54 So.2d 183 (Fla. 1951). An objection that an unauthorized person was in the Grand Jury room is not based upon fundamental grounds. Therefore, if this objection is not presented by a motion to dismiss, it is taken to have been waived. Cr.P.R., Rule 3.190(c). The objection was timely made in the case sub judice by motion to dismiss. The District Court held that the trial court erred in denying this motion. We agree.
Fla. Stat. § 905.17(1), F.S.A., provides as follows:
"No person shall be present at the sessions of the grand jury except the witness under examination, the state attorney or his designated assistant, the court reporter or stenographer, and the interpreter. The stenographic records, notes, and transcriptions made by the court reporter or stenographer shall be filed with the clerk who shall keep them in a sealed container not subject to public inspection. The notes, records, and transcriptions shall be released by the clerk *298 only on request by a grand jury for use by the grand jury or on order of the court pursuant to § 905.27."
Fla. Stat. § 905.19, F.S.A., provides as follows:
"The state attorney or an assistant state attorney shall attend sessions of the grand jury to examine witnesses and give legal advice about any matter cognizable by the grand jury. The state attorney or an assistant state attorney shall draft indictments."
In construing these statutes, the District Court of Appeal said:
"Even were the Assistant State Attorneys of the Fourth Judicial Circuit properly assigned to the Second Judicial Circuit, they were nevertheless without legal right to appear simultaneously with the Assigned State Attorney during the Grand Jury proceedings. Florida Statute 905.17(1) is specific as to who may be present at sessions of the Grand Jury and the reference there to the State Attorney and his designated assistant is in the disjunctive. It is perfectly clear that the conjunction `or' there employed means one or the other but not both. Further, there is nothing in the statute to suggest that the words `designated assistant' is intended to include the plural, allowing for more than one designated assistant. Florida Statute 905.19 also employs the conjunction `or' and the article `an'. Too it clearly provides that the State Attorney `or an' Assistant State Attorney shall attend sessions of the Grand Jury."
We disagree with this construction of the statutes and agree with the decision in Dotty v. State, 197 So.2d 315 (Fla.App. 4th, 1967), where the Court said:
"Appellant contends the trial court erred in denying his motion to quash the indictment on the ground the prosecuting attorney and the assistant prosecuting attorney were both present before the grand jurors at the same time for the purpose of examining witnesses in their presence and giving the grand jurors legal advice regarding the offense lodged against the appellant contrary to F.S.A. §§ 905.17 and 905.19." (p. 316)
"In ascertaining the meaning and effect to be given in construing a statute the intent of the legislature is the determining factor. Although in its elementary sense the word `or' is a disjunctive participle that marks an alternative generally corresponding to `either' as `either this or that'; a connective that marks an alternative. There are, of course, familiar instances in which the conjunctive `or' is held equivalent to the copulative conjunction `and', and such meaning is often given the meaning `or' in order to effectuate the intention of the parties to a written instrument or the legislative intent in enacting a statute when it is clear that the word `or' is used in the copulative and not in a disjunctive sense. Pompano Horse Club, Inc. v. State, 1927, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51; see also Pinellas County v. Woolley, Fla.App. 1966, 189 So.2d 217. Particularly do these rules apply, even if the results seem contrary to the rules of construction to the strict letter of the statute, when a construction based on the strict letter of the statute would lead to an unintended result and would defeat the evident purpose of the legislation. Payne v. Payne, 1921, 82 Fla. 219, 89 So. 538." (pp. 317, 318)
We hold that Fla. Stat. §§ 905.17(1) and 905.19, F.S.A., authorized the presence of the State Attorney and one or more lawful and qualified Assistants to be present at the sessions of the Grand Jury to examine witnesses and give legal advice about any matter cognizable by the Grand Jury. That portion of the decision of the District Court of Appeal holding otherwise is quashed. However, the Assistants in this case were not "lawful and qualified" and their presence, when properly raised as it was in this case, voided the indictments. The portion of the District Court of Appeal *299 opinion holding the indictments to be void was correct and is approved.
If the State Attorney and his Assistants should in any way attempt to influence the finding of the Grand Jury, other than presenting evidence and rendering legal advice, any indictment returned may be set aside for improper influence. An overstepping of the State Attorney's function could constitute an invasion of the function of the Grand Jury, and interfere with their independence.
The dictum and holdings of the District Court of Appeal that are consistent with this opinion are approved and affirmed, but the portions of the decision in conflict with this opinion are quashed and the cause is remanded to the District Court of Appeal for further proceedings consistent with this decision.
It is so ordered.
McCAIN, J., and McCRARY and LEE, Circuit Court Judges, concur.
OVERTON, J., concurring in part and dissenting in part with opinion with which DREW (Retired), J., concurs.
OVERTON, Justice (concurring in part, dissenting in part).
I agree that the defendant, Floyd T. Christian, could properly be indicted and that the presence of persons before the grand jury who are not properly qualified does not render an indictment ipso facto void. I agree with the majority's adoption of the decision of the Fourth District Court of Appeal in Dotty v. State, 197 So.2d 315 (Fla.App. 4th 1967), and its holding that one or more lawful and qualified assistants may be present at sessions of the grand jury to examine witnesses and give legal advice.
I strongly dissent from the majority holding that the assistant state attorneys were not "lawful or qualified." I see no need for an assistant state attorney to take a second oath in order to be properly qualified. See my dissent in Austin v. State ex rel. Christian, 310 So.2d 289.
Even assuming that a second oath for these assistants is necessary and they were not "lawful or qualified," there is no prejudice to the defendant shown in this record. Their presence and appearance before the grand jury was known and accepted by the trial judge responsible for the grand jury proceedings. More important, it was also known by the defendant before he voluntarily appeared and testified in this cause. In State ex rel. Losey v. Willard, 54 So.2d 183, 186 (Fla. 1951), a stenographer, a special investigator, and an attorney specially employed by the grand jury to assist it in the examination of witnesses were present in the grand jury room during the grand jury sessions. In considering an attack on their unauthorized presence, this Court said:
"While the presence in the grand jury room of persons other than those specifically authorized by statute is highly irregular and should not be condoned, we do not understand that the presence of such persons renders an indictment ipso facto void. At most, it will render an indictment returned under such circumstances subject to being quashed on proper and timely motion, and will give to the moving party a ground for review by appeal in the event of an incorrect ruling... ." [Emphasis supplied]
What the Court said is, "at most" the indictment could be quashed if a motion were timely made. Clearly, there was no holding that the indictment must in every instance be quashed.
In my opinion there must be a showing of prejudice, and in this instance the prior knowledge of the defendant that the subject assistant state attorneys were present before the grand jury and the defendant's voluntary appearance with knowledge of *300 that fact constitute an effective waiver of any claim that these assistant state attorneys were not properly before the grand jury.
I would uphold the indictments.
DREW (Retired), J., concurs.