E. J. Salcines State Attorney Tampa
QUESTION:
In view of the conflict between ss. 777.04(4)(c) and 810.02(3), F. S., should attempted burglary of an unoccupied structure or conveyance be considered a third degree felony or a first degree misdemeanor?
SUMMARY:
The phrase `. . . or any burglary, . . .' in s. 777.04(4)(c), F. S., must be construed to mean any burglary of the second degree. The burglary classified by s. 810.02(3), F. S., as a third degree felony is reduced by the operation of s. 777.04(d), F. S., to a first degree misdemeanor.
Your question brings into focus a rather unusual statutory conflict. Therefore, in order to facilitate an understanding of the problem, I think it necessary to set forth the provisions of the statutes involved. Accordingly, s. 777.04(4)(c), F. S., provides:
 (c) If the offense attempted, solicited, or conspired to is a felony of the second degree or any burglary, the person convicted shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (Emphasis supplied.)
Section 777.04(4)(d), F. S., provides:
 (d) If the offense attempted, solicited, or conspired to is a felony of the third degree, the person convicted shall be guilty of a misdemanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Section 810.02(3), F. S., provides:
 (3) If the offender does not make an assault or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Otherwise, burglary is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (Emphasis supplied.)
The conflict now becomes apparent. Section 777.04(4)(c), F. S., reduces an attempt at a felony of the second degree `. . . or any burglary, . . .' to a third degree felony. However s. 810.02(3), F. S., provides that burglary under certain conditions is a felony of either the second or third degree. As I read this statute, the breaking and entering or an unoccupied structure or conveyance by an unarmed person would constitute a felony of the third degree. The puzzle becomes more challenging as we find that the provisions of s. 777.04(4)(d), F. S., reduce an attempt at a third degree felony to a first degree misdemeanor. Further examination of s.777.04, F. S., reveals an obvious legislative intent to prescribe lesser penalties for attempts at crimes than for those prescribed for completed crimes. The reduction therein specified is an unbroken pattern of prescribing a punishment for attempts identical to that punishment prescribed for the completion of the next lesser offense.
What then are we to conclude? Is the crime of attempted burglary, regardless of conditions, always punishable as a third degree felony or is it under certain conditions punishable as a first degree misdemeanor as indicated by s. 777.04(4)(d), F. S., or under other conditions punishable as a felony of the second degree as is indicated by the operation of s. 777.04(4)(b), F. S., upon s. 810.02(2), F. S.? I note with interest that all of these statutes became effective October 1, 1975. This removes the relatively simple task of determining which statute represents the latest expression of legislative intent as an approach to the problem under consideration.
In considering problems of statutory construction, an appellate court will adopt that construction which harmonizes and reconciles statutory provisions when it is possible to do so. Courts have endeavored to find a reasonable field of operation for conflicting statutes in order to preserve the force and effect of each. Stateex rel. Ashley v. Haddock, 140 So.2d 631 (1 D.C.A. Fla., 1962),reversed on other grounds, 149 So.2d 552; and Woodley Lane, Inc. v. Nolen, 147 So.2d 569 (2 D.C.A. Fla., 1962). I am conviced that if an appellate court can by any fair and reasonable construction give two statutes a reasonable field of operation without destroying their evident intent and meaning, preserving the force of both, and construing them together in harmony with legislation in the same area, it will do so. City of St. Petersburg v. Pinellas County Power Co., 100 So. 509 (Fla. 1924).
The ascertainment of the applicable principles of law is in most cases relatively simple. It is in the application of those principles that the difficulty arises. But if the principles of statutory construction above mentioned are to be given more than mere lip service, I am forced to the conclusion that the phrase `. . . or any burglary, . . .' as used in s. 777.04(4)(c), F. S., must be construed to mean any burglary of the second degree. This construction preserves the force and effect of s. 777.04(4)(c) and gives it a field of operation in reducing the attempt to commit a burglary which is a second degree felony to a third degree felony. This construction does no violence to s. 810.02(3), F. S., which classifies burglary of an unoccupied structure or conveyance as a third degree felony. Then, as a third degree felony, such offense is subject to the operation of s. 777.04(4)(d), F. S., which reduces an attempted third degree felony to a first degree misdemeanor.
I think this construction of the statutes gives each a reasonable field of operation in harmony with the legislative intent and removes the conflict. Any attempt to construe these provisions so as to vest complete control of the subject matter in one at the expense of the other can be nothing less than a direct repudiation of settled principles of statutory construction. For example, should the phrase `. . . or any burglary, . . .' in s.777.04(4)(c) be literally construed, the resultant effect would be to negate the command in ss. 777.04(4)(d) and 810.02(3), F. S., designating burglary of an unoccupied structure or conveyance as a third degree felony and further designating an attempt thereat as a first degree misdemeanor. Such a construction is contrary not only to the judicial directives above mentioned but also to those requiring utilization of the presumption that the Legislature does not enact purposeless or useless legislation, Dickinson v. Davis,224 So.2d 262 (Fla. 1969), and those requiring effect to be given to the entire statute under consideration. State v. Burr,84 So. 61 (Fla. 1920); and Chiapetta v. Jordan, 16 So.2d 641 (Fla. 1944).
If the reduction in s. 777.04(4)(c), supra, were to be applied literally to s. 810.02(2) and (3), F. S., its operative effect would be to prescribe the same penalty for an attempt at first, second, and third degree felony burglaries, as well as the prescription of the same penalty for an attempt at third degree felony burglary as for a completion of the same offense. Such a result seems totally unreasonable in view of the distinctions drawn by the Legislature in s. 810.02, F. S., regarding the various degrees of burglary and the obvious reduction intent seen in s. 777.04, F. S., regarding punishments prescribed for attempts at the various degrees of offenses set forth therein. Thus, it is clear that a literal interpretation of the term `any burglary' would operate to frustrate the legislative intent and scheme behind ss. 810.02 and 777.04, supra.
Therefore, I cannot agree to such a literal construction of the statutory provision here under discussion because to do so would quite obviously lead to an unreasonable result not designated or contemplated by the lawmakers. Maryland Casualty Company v. Marshall, 106 So.2d 212 (1 D.C.A. Fla., 1958); Rudd v. State exrel. Christian, 310 So.2d 295 (Fla. 1975). The Legislature in drafting s. 810.02(2) and (3), F. S., carefully distinguished between first, second, and third degree felony burglaries. I think it completely unreasonable to assume that the Legislature simultaneously and purposely designed to eradicate those distinctions by the contemporary passage of s. 777.04(4)(c), F. S.
It is my firm opinion that the phrase `. . . or any burglary, . . .' as used in s. 777.04(4)(c), F. S., can have reference only toany burglary of the second degree and that the attempted burglary of an unoccupied structure of conveyance is a first degree misdemeanor if the offense is otherwise compatible with the requirements set forth in s. 810.02(3), F. S.
Prepared by: Michael H. Davidson and Wallace E. Allbritton Assistant Attorneys General